JOHN D. FACKLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89253.   Promulgated February 10, 1939.

*John D. Fackler* pro se.
*H. D. Thomas, Esq.,* for the respondent.

396

OPINION.

LEECH: The first issue is whether the amounts paid during the two taxable years as prepaid interest were deductible under section 23 (b) of the Revenue Act of 1934.[1] That section allows the deduction of "All interest paid or accrued within the taxable year on indebtedness." Section 41 of the same revenue act[2] provides that taxable income shall be computed on the basis by which the taxpayer's books are kept, unless this basis does not clearly reflect income.

Respondent contests the deduction of the item here, only because it was prepaid.

Since the contrary does not appear in the statute, the term "interest" must be construed according to its ordinary meaning. *Old Colony Railroad Co.* v. *Commissioner*, 284 U. S. 552.

It has been defined to be "the compensation allowed by law, or fixed by the parties, for the use or forbearance of money, or as damages for its detention." See *Joseph W. Bettendorf*, 3 B. T. A. 378. That the payments here were made in advance for bona fide purposes does not affect the fact that they were made as "the compensation * * * fixed by the parties, for the use * * * of money." See *Crosby* v. *Wyatt*, 10 N. H. 318. They thus constituted interest within the meaning of the statute. Since petitioner kept his books and made his income tax returns on the cash basis, he is, therefore, entitled to the contested deduction unless its permission would work a distortion of his income under section 41. But, distortion of the petitioner's income would not result here from the deduction of this prepaid interest payment any more than it would from the payment in one of the current taxable years for interest covering an elapsed period of more than those years. See *Welch* v. *De Blois*, 94 Fed. (2d) 842. And that does not prevent the deduction. Cf. *Central National Bank of Cleveland, Administrator*, 35 B. T. A. 489; *Jungkind Photo Supply Co.* v. *Remmel* (U. S. Dist. Ct., E. Dist. Ark., Feb. 5, 1926).

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

* * * * * * *

(b) INTEREST.—All interest paid or accrued within the taxable year on indebtedness, except on indebtedness incurred or continued to purchase or carry obligations (other than obligations of the United States issued after September 24, 1917, and originally subscribed for by the taxpayer) the interest upon which is wholly exempt from the taxes imposed by this title.

[2] SEC. 41. GENERAL RULE.

The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. If the taxpayer's annual accounting period is other than a fiscal year as defined in section 48 or if the taxpayer has no annual accounting period or does not keep books, the net income shall be computed on the basis of the calendar year. (For use of inventories, see section 22 (c).)

The effect of denying it here would be to place petitioner on an accrual basis as to one item on his return and leave him on a cash basis as to the remainder. Such inconsistency is not permissible. *Merchants National Bank*, 6 B. T. A. 1167; *John I. Chipley*, 25 B. T. A. 1103.

Respondent cites *Julia Stow Lovejoy*, 18 B. T. A. 1179, and *Alland & Bro., Inc. v. United States* (U. S. Dist. Ct. Mass., 1928), 28 Fed. (2d) 792, as supporting his denial of these deductions. Those cases are distinguishable in that the disputed deductions there were held to be capital expenditures or otherwise not within the specific deductions permissible under the revenue acts. See also *United States Playing Card Co.*, 15 B. T. A. 975; *Chicago, Rock Island & Pacific Railway Co.*, 13 B. T. A. 988; *Bonwit Teller & Co.*, 17 B. T. A. 1019. Here, whatever other designation, by analogy, may be applied to the disputed items—they are "interest" payments and are thus deductible within the specific provisions of the statute. That they may not have been ordinary or necessary expenses of business of the taxpayer is not a requisite to their deduction under the statute.

The petitioner is sustained on the first issue.

The second and third issues will be discussed jointly. The second issue involves the proper treatment here of the past due taxes for 1931 and 1932 and the taxes for 1933, due in 1934. The third issue concerns petitioner's recovery in 1934 of $2,680.34 on his right of action against the Sloan-Prospect Corporation, the underlying lessee.

It is clear on the face of the lease that the payment of the current taxes was regarded by the parties as current rental. Respondent now concedes this and agrees that the 1933 taxes were deductible as rent for the year 1934 when paid by petitioner. However, the past due taxes have a different status. In 1933, by the agreement incorporating the lease, petitioner intended to and did acquire a lease for 99 years, subject to an underlying lease; and, in addition thereto, a right of action against the underlying lessee. We think the lease is clear on this point and that this effect is not impaired by the lessor's separate assignment of the original lease to petitioner, nor the other writings in evidence. At the time the petitioner entered into the lease, the unpaid 1931 and 1932 taxes, amounting to $7,934.66, had become liens against the premises pursuant to the Ohio General Code, section 5671. *Central United National Bank*, 33 B. T. A. 588. Petitioner's assumption of the liability to pay those past due taxes constituted the consideration he paid for his overlying lease and the right of action against the underlying lessee. *Lifson v. Commissioner*, 98 Fed. (2d) 508; *Alland & Bro., Inc. v. United States, supra; Leamington Hotel Co.*, 26 B. T. A. 1004; *Merchants Bank Building Co.*, 32 B. T. A. 1072. The assumption of that liability was the

equivalent here of a cash payment in that amount. Respondent concedes this. However, that consideration was not allocated nor is it allocable on this record between the lease and the right of action against the underlying lessee, Sloan-Prospect Corporation. *Hiram R. Lloyd*, 34 B. T. A. 301. Cf. *C. H. Mead Coal Co.*, 28 B. T. A. 599; modified, 72 Fed. (2d) 22.

Petitioner, by his receipt of the disputed sum of $2,680.34 in 1934 from that corporation, has thus recovered that amount of his capital so expended. It follows that this amount can not be taxed as income of petitioner for 1934, but, though it may well be that petitioner can not recover further on account of his claim against Sloan-Prospect Corporation, he still has the lease for which the entire capital outlay was also made. He is, therefore, not now entitled to the deduction of any amount by way of loss or otherwise except the pro rata annual amount necessary to recoup the balance of his unrecovered capital over the period of the lease.

*Decision will be entered under Rule 50.*