Joseph H. Konigsberg v. Commissioner.
Joseph H. Konigsberg v. Commissioner
Docket No. 4887.
United States Tax Court
1946 Tax Ct. Memo LEXIS 283; 5 T.C.M. (CCH) 48; T.C.M. (RIA) 46024; January 22, 1946
Paul N. Wiener, Esq., 285 Madison Ave., New York, N. Y., for the petitioner. Laurence F. Casey, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $1,854.86 in the income tax of the petitioner for the calendar year 1941. The only issue is whether the petitioner is entitle4 to deduct $4,500 as interest paid in 1941. Findings of Fact The petitioner is an individual who filed his return for 1941 with the collector of internal revenue at Brooklyn, New York. It was upon a cash basis. He took out a single premium endowment policy of insurance on his life on September 8, 1941. This policy was for $60,000 and the premium, payable in advance, amounted to $39,403.80. He did not have sufficient funds available to pay *284 this premium and the insurance agent had arranged for him to secure a loan of $36,000 from the Guaranty Trust Co. on his personal note secured by the policy. The loan was for five years and the interest at the annual rate of 2 1/2 per cent was to be paid in advance when the loan was secured. The arrangement was carried out. The Guaranty Trust Co. loaned the petitioner $36,000 on his note and held the policy as security. The petitioner gave to the Guaranty his check for $7,903.80 on another bank where he had an account. The check was to pay the interest of $4,500 on the loan and to pay the balance of the premium. The Guaranty paid the premium of $39,403.80 and gave the petitioner a receipt for the payment in advance of the charges of $4,500 on the loan of $36,000. The petitioner's check for $7,903.80 was paid on September 9, 1941. The petitioner, on his return for 1941, claimed a deduction of $4,500 for interest paid. The Commissioner denied the deduction but gave no explanation therefor. Opinion MURDOCK, Judge: The respondent makes but one argument. It is that the petitioner did not obtain a loan of $36,000 from the bank on which he paid interest in advance of $4,500 but instead *285 "discounted" a note for $36,000 and obtained from the bank only $31,500, so that the "discount" will not be paid until the note is paid off. The evidence is the exact opposite of the facts necessary to the respondent's argument. The bank agreed to lend $36,000 provided the petitioner paid it $4,500 in advance for the use of the money during the period of the loan. The petitioner paid the bank $4,500 from his own funds on deposit in another bank and received a receipt showing that he had paid the charge for the use of the money during the period of the loan. All this was in the ordinary course of business. That was a payment of interest within the meaning of section 23 (b), I.R.C.John D. Fackler, 39 B.T.A. 395. It is immaterial that the bank called the payment "discount". It is also immaterial how the bank reported its income from the loan. Decision will be entered under Rule 50.