HUNTINGTON-REDONDO COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 82366.   Promulgated June 15, 1937.

*Bayley Kohlmeier, Esq.*, for the petitioner.
*Byron M. Coon, Esq.*, for the respondent.

### OPINION.

STERNHAGEN: The Commissioner determined a deficiency of $7,267.95 in petitioner's income tax for 1932. He determined that $64,715.97 received by petitioner in 1932 should be regarded as interest $7,704.18 and sale price of land $57,011.79, of which $46,554.69 was profit. The petitioner urges that it correctly treated the amount on its return as $63,314.92 received in repayment of loans and $1,401.05 as interest thereon. The facts are all presented in a written stipulation.

The petitioner in 1927 sold a tract of land in Los Angeles County, California, to Clifford R. Reid, Inc., for $1,209,000, to be paid $234,400 down in 1927 and the rest, with interest, during succeeding years out of the proceeds of sales or leases of lots and improvements. Petitioner's cost basis of the tract was $221,785.31, or 18.342 percent of the sale price, and that percentage of each installment payment was therefore treated as cost and the rest gain. The land was conveyed in trust to the Los Angeles First National Trust & Savings Bank, which was to hold the title in trust and receive the payments from Reid, Inc., and pay them to petitioner to be applied to the sale price and interest.

At various times in 1931 petitioner had loaned money to Reid, Inc., aggregating $63,314.92, which it was understood should be repaid from the proceeds of the tract.

In 1932 the trustee paid petitioner $64,715.97, pursuant to the trust, and petitioner in its accounts allocated this, $57,011.79 principal of purchase price of tract, $5,337.84 interest on an earlier note of 1930, and $2,366.34 interest on the 1931 loans. Thereafter, on December 22, 1932, petitioner and Reid, Inc., agreed in writing upon a system of allocating payments received from the trustee, including the $64,715.97, according to a prescribed schedule. In conformity with this agreed schedule, petitioner, before the end of 1932, made the proper accounting entries to change the above allocation of the

$64,715.97 and to allocate it according to the agreement, $63,314.92 to principal of the 1931 loans and $1,401.05 to interest on such loans.

Petitioner's accounts were kept on the cash receipts and disbursements basis.

On its income tax return it omitted from income the $63,314.92, treating it as repayment of money loaned, and included in income the $1,401.05 as received interest.

The only question is whether the petitioner is bound by its first accounting allocation to include in its 1932 income $46,554.69 as the properly computed gain on the sale of land, and $7,704.18 as interest on notes, as the Commissioner has determined, or is free for tax purposes to change the allocation before the end of the year to accord with its agreement. No one challenges the binding force of the supplementary agreement prescribing the allocation. Deering's Civil Code California § 1479; *Cardinell* v. *O'Dowd*, 43 Cal. 586. Under it, Reid, Inc., could not thereafter contend that it had paid any part of the $64,715.97 as purchase price of the tract, and petitioner could not insist that the 1931 loans had not been paid. The parties to these transactions had a right to earmark the payments and to regard, with binding force, the petitioner's first accounting allocation as a mistake. Whenever the revenue act has deprived taxpayers of the right to earmark, it has done so in clear language, as in respect of the source of corporate dividends, Revenue Act of 1928, sec. 115 (b).

So long as the correct and final allocation was made by the taxpayer within the year of the receipt, there is no reason why the return should not be made in accordance with the correct entry. The reasoning is similar to that used heretofore to relieve a taxpayer from tax on that part of a salary which within the year was restored to the employer. *Albert W. Russel,* 35 B. T. A. 602; see *O. B. Barker,* 3 B. T. A. 1180; *Carey Van Fleet,* 2 B. T. A. 825.

*Judgment will be entered for the petitioner.*