Robert Hays Gries v. Commissioner.
Gries v. Commissioner
Docket No. 23013.
United States Tax Court
1950 Tax Ct. Memo LEXIS 194; 9 T.C.M. (CCH) 419; T.C.M. (RIA) 50125; May 26, 1950
Howard M. Kohn, Esq., for the petitioner. Clarence E. Price, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The respondent determined deficiencies as follows: 1943
Income tax and victory tax
$ 11.04
1944
Income tax
1,139.63 The year 1942 is involved, but solely because of the provisions of the Current Tax Payment Act of 1943. The petitioner contests the entire deficiency in income and victory taxes for 1943, and claims that he has made overpayment of taxes in the amount of $3,014.52. The petitioner does not contest certain adjustments made by the respondent, but contends that the respondent erred in determining that certain payments made by a debtor to petitioner *195 in 1942, 1943, and 1944 represented payments of interest on the indebtedness. Petitioner contends that the payments were repayments of the principal of the indebtedness. The only question for decision is whether the payments were payments of interest. There was presented by the pleadings a further question of fact as to the amounts of the payments in 1943 and 1944, which the respondent determined to be $3,750 and $2,500, respectively, and petitioner alleged were $3,500 and $2,750, respectively. However, the respondent now concedes that the amounts involved are the amounts which the petitioner alleged in his petition, and this question of fact is no longer in issue. The petitioner filed his returns with the collector for the eighteenth district of Ohio at Cleveland. The record consists of testimony and exhibits from which we make the following findings of fact: Findings of Fact The petitioner resides in Shaker Heights, Ohio. The petitioner has known Irving Hexter for about 35 years, and they are close friends. From 1928 to 1935, petitioner and Hexter engaged in stock and real estate transactions as joint venturers. Petitioner provided the capital; Hexter did not advance *196 any funds. They agreed to share, equally, gains, losses, and expenses. An account of these transactions was kept in petitioner's office. Petitioner, in this running account, charged Hexter, as agreed, one-half of losses and expenses. The transactions ended in 1935. During the period 1928 to 1935, petitioner loaned money to Hexter for his personal needs. Such loans were entered in the running account with Hexter. In 1935, Hexter owed petitioner about $45,500, exclusive of interest. Petitioner charged Hexter interest on the indebtedness, and charges for interest were made in the running account with Hexter. At the end of 1939, the accrued and unpaid interest on the principal amount of Hexter's indebtedness amounted to $26,880.42. As of January 1, 1940, the running account showed that the total indebtedness of Hexter amounted to $45,523.49, principal; plus $26,880.42, interest; total, $72,403.91. After giving effect to payments which Hexter had made prior to the above date, totalling $1,189.84, the net amount of Hexter's debt was $71,214.07. Some of that indebtedness was evidenced by notes of Hexter which he had given to petitioner prior to January 1, 1940. The notes bore interest. *197 In 1940, Hexter and petitioner entered into negotiations for a plan of liquidation of the total indebtedness. Hexter proposed that petitioner waive his claim for accrued interest. Hexter wanted, also, to work out an agreement under which no further interest on the debt would accrue, and he would be given about ten years to pay off the amount of the principal he owed to petitioner. Petitioner wanted repayment of the principal, and he desired that it should be paid first, before he would give any consideration to waiving the interest which had accrued up to January 1, 1940. After protracted negotiations, an agreement was drawn up on November 11, 1940, under which Hexter reluctantly agreed to pay petitioner, in installments, the total sum of $72,403.91, and petitioner agreed that no further interest would accrue on the total indebtedness in that amount, unless Hexter defaulted in the payments which he then agreed to make. Hexter deposited stock with petitioner, as security, and agreed that part of the dividends on the stock should be applied upon his debt. Although the agreement recited that the total indebtedness of Hexter was $72,403.91, an error was made in failing to give him credit *198 for payments aggregating $1,189.84. The correct amount of the total debt was $71,214.07. Although Hexter, in entering into the agreement of November 11, 1940, agreed to pay the interest which had accrued on the principal of his indebtedness, he stated repeatedly that he had no intention of paying all of the accrued interest. At the time Hexter and petitioner entered into the agreement of November 11, 1940, they agreed orally that Hexter's payments were to be treated as payments of principal, and were to be applied to the principal amount of the debt until it was fully paid. This oral agreement was never modified. Hexter took the position that when the principal amount of his debt had been repaid, he would renew his request to petitioner to waive the interest which had accrued prior to January 1, 1940, in the amount of $26,880.42, or to compromise the claim for interest for a lesser sum. Hexter never changed his attitude with respect to the payment of the accrued interest. Petitioner wanted the installment payments credited to principal, and was willing to give consideration at a future time to waiving payment of the accrued interest, but not until the principal due had been paid. *199 Hexter paid petitioner the following amounts during the years 1941 through 1942: $500 in 1941; $1,250 in 1942; $3,500 in 1943; $2,750 in 1944. All of the above sums were repayments of the principal; they were not, in whole or in part, payments of accrued interest. Hexter did not make any other payments to petitioner during the above years. Hexter's financial condition was not good, and he was unable to make any greater payments. In June, 1947, Hexter and petitioner renewed discussions toward complete settlement of Hexter's indebtedness. Hexter had repaid $13,000 up to that time. The principal amount of the indebtedness, exclusive of accrued interest, originally was $45,523.49, and payments of $1,189.84 and $13,000 had reduced the principal due petitioner to $31,333.65. Hexter and petitioner agreed that was the status of the debt in June, 1947, and that the accrued and unpaid interest at that time was $26,880.42. During the 1947 negotiations, Hexter proposed to pay in full the balance of the principal, but he renewed his request that petitioner waive the accrued interest. In October, 1948, petitioner agreed to waive all of the above accrued interest excepting $7,000, upon the *200 condition that Hexter would pay the unpaid balance of principal. The entire amount received by petitioner from Hexter in each of the years involved in this proceeding, 1942 through 1944, was repayment of principal, and did not constitute payment of any interest. Opinion The petitioner did not report, in his income tax returns for the years 1942 through 1944, the payments he received from Hexter in those years. He understood that the payments were repayments of loans he had made to Hexter during the period 1928 to 1935 when they were engaged in various business ventures in which losses were sustained; and he understood, also, that they were not payments of accrued interest on the debt of Hexter. The respondent determined that the payments in question were payments of interest and represented taxable income under section 22(a) of the Internal Revenue Code. Respondent has not filed a brief in this proceeding, from which we may assume that he has abandoned his original determination. The evidence shows that the parties to the agreement to liquidate the indebtedness agreed, in 1940, that installment payments made thereafter should be credited to the principal *201 until it was fully paid, none to be credited to the accrued interest; and that the creditor, the petitioner, applied the payments which were made by the debtor in the taxable years as credits against principal. The parties, the debtor and the creditor, had a right to agree that payments should be credited to principal until it was paid in full. Ruling Case Law, Vol. 21, p. 107; G.C.M. 2861, C.B. VII-1, p. 255; Huntington-Redondo Company, 36 B.T.A. 116; Acquiescence by the Commissioner, C.B. 1937-2, p. 14. Since all of the payments in question were repayments of principal, under agreement of the parties, the respondent erred in determining that they were payments of interest. Although the question presented is decided in the petitioner's favor, recomputation under Rule 50 is necessary. Decision will be entered under Rule 50.