**Albert B. and Ethel L. MALONEY, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

### No. 76–1910.

United States Court of Appeals, Sixth Circuit.

Dec. 14, 1977.

Seymour Samuels, Jr., I. R. Schulman, Schulman, Pride & LeRoy, Nashville, Tenn., for petitioners-appellants.

Scott P. Crampton, Asst. Atty. Gen., Tax Division, U. S. Dept. of Justice, Washington, D. C., Gilbert E. Andrews, Jonathan S. Cohen, F. Arnold Heller, Meade Whitaker, Chief Counsel, Internal Revenue Service, Washington, D. C., for respondent-appellee.

ORDER

Before CELEBREZZE, Circuit Judge, MARKEY, Chief Judge, United States Court of Customs and Patent Appeals,* and LIVELY, Circuit Judge.

■ This is an appeal from a decision of the United States Tax Court sustaining a determination by the Commissioner of Internal Revenue of deficiencies in income tax due from the appellants for taxable years ending in 1965, 1966 and 1967. The appellants contend that the Tax Court failed to make findings of fact on their claim that the appellant Albert B. Maloney was engaged in the business of rescuing ailing business enterprises and was clearly erroneous in finding that his sole trade or business was that of an accountant. The appellants claimed business bad debt deductions arising from their being required to pay debts of third parties which they had guaranteed. The Tax Court found that the guarantees were made by Albert B. Maloney as an investor and not in pursuit of a trade or business of aiding sick business enterprises for compensation. Thus the losses which appellants suffered were personal bad debts rather than business bad debts. There is substantial evidence in the record to support the findings of the Tax Court on this issue and therefore these findings are not clearly erroneous. Further, the Tax Court correctly applied the pertinent law as stated by the Supreme Court in *Whipple v. Commissioner of Internal Revenue*, 373 U.S. 193, 83 S.Ct. 1168, 10 L.Ed.2d 288 (1963), and *United States v. Generes*, 405 U.S. 93, 92 S.Ct. 827, 31 L.Ed.2d 62 (1972), in determining that the dominant motivation of Albert Maloney in guaranteeing the loans was to protect his investments.

■ We also conclude that the Tax Court was not clearly erroneous in its findings with respect to the allocation of value of recently acquired real estate between land and depreciable buildings. A portion of the deficiency resulted from the assignment of an excessive amount of the purchase price to the depreciable property rather than following the requirement of Income Tax Regulation § 1.167(a)–5 which requires a proportionate allocation of value between land and depreciable property.

■ Finally, the Tax Court followed the law set forth in *Cleaver v. Commissioner of Internal Revenue*, 158 F.2d 342 (7th Cir. 1946), *cert. denied*, 330 U.S. 849, 67 S.Ct. 1093, 91 L.Ed. 1293 (1947), in determining that the cash basis taxpayers were not entitled to a deduction for an interest payment as a result of a bank loan in the year 1965.

The decision of the Tax Court is affirmed.

---

* The Honorable Howard T. Markey, sitting by designation.