Raymond MASON, and Estate of
Elizabeth Mason, Plaintiffs,

v.

UNITED STATES of America,
Defendant.

No. C–77–1517–CBR.

United States District Court,
N. D. California.

July 13, 1978.

Alden E. Danner, Hoge, Fenton, James & Appel, Inc., San Jose, Cal., for plaintiffs.

G. William Hunter, U.S. Atty., Martin A. Schainbaum, Asst. U.S. Atty., San Francisco, Cal., for defendant.

## MEMORANDUM OF OPINION

RENFREW, District Judge.

Plaintiffs seek a refund of a deficiency assessment of their 1968 taxes as a result of the disallowance of a deduction for interest payments. Their claim is based upon the theory that the Internal Revenue Service (IRS) should allow a deduction from gross income, pursuant to Internal Revenue Code § 163, 26 U.S.C. § 163,[1] based on a proportion of total interest paid by plaintiff Raymond Mason and his partner on a judgment for which both were liable, regardless of how the payments were characterized by the creditor. The United States has moved for summary judgment on the basis that the records of the creditor are the proper means of determining the interest deduction in question, and that plaintiff is entitled only to a deduction for amounts actually attributed to interest. Plaintiffs have filed a cross motion. After careful consideration of the authorities cited and the arguments of counsel, the Court concludes that the United States is entitled to summary judgment.

1. All such references are to the Internal Revenue Code of 1954, as amended, 26 U.S.C. §§ 1 et seq.

The parties have stipulated to the relevant facts. In 1963, plaintiff Mason, Ward H. Cramer, and Frank M. Roberts, formed a corporation called Mariner Townhouses, Inc. (Mariner), and signed as co-guarantors on a $150,000 loan from San Francisco National Bank to Mariner.[2] Mariner subsequently failed and Roberts' obligation was discharged in bankruptcy. San Francisco National Bank also failed and the Federal Deposit Insurance Corporation (FDIC), as successor in interest to the bank, obtained a judgment on June 27, 1967, against Mason and Cramer in the amount of $150,000 plus interest at the rate of 6½% per annum to accrue from April 7, 1965.

Cramer alone made payments on the judgment until 1968. In that tax year, Cramer made a number of payments both before and after July 17, when Mason made a single payment in the amount of $25,000. FDIC, using customary methods of accounting, credited Cramer with payments of $42,234.57, of which $14,938.27 was attributed to interest, and Mason with payments of $25,000, of which $354.96 was attributed to interest, for 1968. Plaintiff Raymond Mason, a cash basis taxpayer, claimed a deduction of $16,322 for interest payments to FDIC, and declared the balance of his payments, $8,678, as a short-term capital loss.

In 1972, IRS adjusted Mason's 1968 tax return, reducing the deduction for interest to FDIC to $354.96 and treating the balance of the claimed deduction as a short-term capital loss. Mason paid a deficiency of $2,207 in tax plus interest on December 26, 1975, and filed a claim for refund. IRS denied this claim on July 21, 1975, and plaintiff commenced this action on July 14, 1977. Both sides moved for summary judgment and the Court heard oral argument on the cross motions on March 23, 1978.

■ There is no dispute that the total amount of interest paid by Cramer and Mason during the tax year 1968 qualifies as

2. The documents attached to the stipulation reveal that Mrs. Mason and Mrs. Roberts also signed as co-guarantors, although the stipulation is silent on this point.

deductible interest paid during the tax year within the meaning of section 163 of the Internal Revenue Code. The only question is the proper allocation of that interest between the two payors. Plaintiffs contend that the parties should be permitted to deduct interest in proportion to their respective total payments on the obligation during the year, without regard to any characterization placed on the payments at the time they were made. Although no cases dealing with allocation between payors in these circumstances have come to the attention of the Court, the law is well settled with respect to allocation among payments made by a single payor.

■■■ It is elementary that a cash basis taxpayer can deduct only those sums which he has actually paid on an obligation during the tax year. *E. g., Don E. Williams Co. v. Commissioner*, 429 U.S. 569, 577–578 [97 S.Ct. 850, 51 L.Ed.2d 48] (1977); *Helvering v. Price*, 309 U.S. 409, 412–414 [60 S.Ct. 673, 84 L.Ed. 836] (1940). This rule has been applied to interest payments. *Cleaver v. Commissioner of Internal Revenue*, 158 F.2d 342 (7 Cir. 1946), *cert. denied*, 330 U.S. 849 [67 S.Ct. 1093, 91 L.Ed. 1293] (1947); *see Maloney v. Commissioner of Internal Revenue*, 566 F.2d 1054, 1055 (6 Cir. 1977). Where joint and several obligors are involved, this means that payments cannot be allocated to interest without regard to who actually made them. Thus, a jointly and severally liable obligor is entitled to deduct all the interest paid during a tax year if he is the only payor on the obligation during that year. *Kate Baker Sherman*, 18 T.C. 746, 753–754 (1952); *Rose B. Larson*, 44 B.T.A. 1094, 1104 (1941); Rev.Ruling 71–179, 1971–1 C.B. 58.

■■■ With respect to the amount of any particular payment allocable to interest, the rule applicable to payments by a single obligor is that in the absence of a contrary agreement between creditor and obligor, interest is prorated over the term payments are to be made, and each payment is credited first to interest and then to principal. *Bayou Verret Land Co.*, 52 T.C. 971, 985–986, *rev'd on other grounds*, 450 F.2d 850 (5

Cir. 1971); *see also Parks v. United States*, 434 F.Supp. 206, 211 (N.D.Tex.1977) (proration); *Motel Corp.*, 54 T.C. 1433, 1440 (1970) (interest first). *Cf. Bair v. Commissioner of Internal Revenue*, 199 F.2d 589, 590 (2 Cir. 1952) (rule that payment not allocated by parties is to be treated first as interest not applicable to facts). This is in keeping with the general rule that interest is to be interpreted in its usual and ordinary meaning, and is not to be defined with reference to some esoteric concept derived from subtle and theoretic analysis. *See Deputy v. du Pont*, 308 U.S. 488, 498 [60 S.Ct. 363, 84 L.Ed. 416] (1940); *Tomlinson v. 1661 Corporation*, 377 F.2d 291, 295 n. 8 (5 Cir. 1967). If obligor and debtor do agree in an arm's length transaction that interest is to be allocated differently than the general rule requires, the IRS will respect the agreement unless it finds that the method of accounting does not clearly reflect income. *Bayou Verrett Land Co., supra*, 52 T.C. at 985–986; *Huntington-Redondo Co.*, 36 B.T.A. 116 (1937) (California law); Rev.Ruling 63–57, 1963–1 C.B. 103. If the IRS so finds, it may disallow the deduction pursuant to its general power to compute taxable income under an accounting method that does clearly reflect income. 26 U.S.C. § 446(b); *John N. Baird*, 68 T.C. 115, CCH T.C.Rep.1977 Transfer Binder 2647, 2658–2659 (1977). *See Resnik v. C.I.R.*, 555 F.2d 634, 636 (7 Cir. 1977); *Sandor v. C.I.R.*, 536 F.2d 874 (9 Cir. 1976).

■■■ In this case, there was no agreement among the parties to allocate interest in any particular way. The parties to the action have stipulated that FDIC followed the customary rule, that is, it applied each payment first to interest accrued, and then to diminish principal. The rules of law outlined above are easily applied, without modification, to this two-payor situation. If they are so applied, the IRS has clearly reached the correct result. Plaintiffs, as cash basis taxpayers, are only entitled to deduct interest actually paid during the tax year, and the interest actually paid is determined by the rule that each payment is first allocated to accrued interest. Because Ma-

son's payment was made after a long series of payments by Cramer and only two weeks after Cramer's most recent payment, the operation of these rules works a hardship on him. But tax deductions are a matter of legislative grace, not ordinarily controlled by equitable considerations. *Commissioner v. National Alfalfa Dehydrating & Milling Co.*, 417 U.S. 134, 148–149 [94 S.Ct. 2129, 40 L.Ed.2d 717] (1974); *New Colonial Co. v. Helvering*, 292 U.S. 435, 440 [54 S.Ct. 788, 78 L.Ed. 1348] (1934). These rules are workable and in accord with business practice when applied to the multiple as well as the single payor situation. Since the taxpayer has the burden of demonstrating his right to a claimed deduction, *New Colonial Co. v. Helvering, supra*, 292 U.S. at 440 [54 S.Ct. 788], the Court will not create an exception for the multiple payor case in the absence of some showing that tax policy requires it.

■ In this regard, plaintiffs argue principally that equity requires that each party be allocated his pro rata share of the interest paid during any tax year. However, plaintiffs and Cramer, with the cooperation of the FDIC, could have agreed to a more equitable result. There is no indication that any such attempt was made. In these circumstances, it is not the Court's role to rearrange the transaction to the benefit of the taxpayer. It is fundamental in tax law that a taxpayer, while generally free to arrange his affairs so as to minimize tax liability, must accept the consequences of his chosen form. *E. g., Commissioner v. National Alfalfa Dehydrating & Milling Co., supra*, 417 U.S. at 149 [94 S.Ct. 2129]. Plaintiffs also contend that application of the rules outlined above to the multiple payor case will create a significant potential for collusive tax evasion, in that debtors may adjust their incomes and the timing of their payments on a joint obligation so as to maximize the benefit realized from interest deductions. This possibility causes the Court some concern. However, a taxpayer is entitled to adjust his affairs to reduce his tax liability within the limits of the law. *Gregory v. Helvering*, 293 U.S. 465, 469 [55 S.Ct. 266, 79 L.Ed. 596] (1935). Distortion of income to the extent suggested by plaintiffs would certainly be unlawful, for it would create precisely the type of situation in which the IRS is authorized to alter the taxpayer's method of accounting to more clearly reflect income. 26 U.S.C. § 446(b). Some instances of evasion would, of course, escape IRS correction. But the potential harm caused thereby is outweighed by the administrative burdens that would be imposed by plaintiffs' proposed alternative rule. If their rule were law, the IRS could not determine the correct allocation of interest without undertaking a separate factual inquiry in every case, whether or not collusion was a serious possibility. In such cases, the rule would be directly analogous to a procedure imposing on the IRS the burden of determining the rights of various taxpayers to contribution or indemnity among themselves. Such procedures have been firmly rejected in other contexts. *Phillips v. Commissioner*, 283 U.S. 589, 604, 51 S.Ct. 608, 75 L.Ed. 1289 (1931); *United States v. 58th Street Plaza Theatre, Inc.*, 287 F.Supp. 475, 505 (S.D.N.Y.1968); *Coca-Cola Bottling Co. of Tucson*, 37 T.C. 1006, 1013 (1962).

There being no policy requiring a departure in the multiple payor case from the general rules governing the deductibility of interest, the Court finds that the IRS properly applied those rules to the facts of this case.

Accordingly, IT IS HEREBY ORDERED that defendant's motion for summary judgment is granted.

IT IS HEREBY FURTHER ORDERED that plaintiffs' motion for summary judgment is denied.

IT IS HEREBY FURTHER ORDERED that counsel for defendant shall prepare an appropriate form of judgment, obtain approval of counsel for plaintiffs as to form, and submit it to the Court for execution within ten (10) days of the date of this order.