Andrew A. SANDOR and Jeanne Sandor, Petitioners-Appellants.

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 74–3030.

United States Court of Appeals, Ninth Circuit.

May 28, 1976.

Robert D. Alban (argued), of Simon, McKinsey & Miller, Long Beach, Cal., for petitioners-appellants.

Ann Belanger Durney, Atty. (argued), of The Tax Div., U. S. Dept. of Justice, Washington, D.C., for respondent-appellee.

## OPINION

Before CARTER and WRIGHT, Circuit Judges, and EAST,[1] District Judge.

PER CURIAM:

Petitioner, a cash basis taxpayer, appeals a Tax Court decision [62 T.C. 469 (1974)] which upheld the Commissioner's disallowance of a prepaid interest deduction. We affirm.

In November 1968, petitioner arranged with a bank for a five year loan of $100,000 at 7½% annual interest. On December 27, he prepaid $38,041.61, the interest to accrue over the next five years. The promissory note for the loan itself was not signed until December 31. Petitioner's 1968 taxable income was $210,001, a substantial increase over his income for each of the previous four years.

On his 1968 tax return, petitioner deducted the five year prepayment of interest charges under § 163 of the Internal Revenue Code of 1954 [26 U.S.C. § 163]. Finding that the taxpayer's accounting did not "clearly reflect income" (§ 446), the Commissioner disallowed the deduction.

Under § 461 a cash basis taxpayer normally can take any permissible deduction at the time the relevant expense is paid. Nevertheless, § 446 grants to the Commissioner broad discretionary authority to require another accounting method for any item in order to clearly reflect taxable income. *Commissioner of Internal Revenue v. Hansen,* 360 U.S. 446, 467, 79 S.Ct. 1270, 3 L.Ed.2d 1360 (1959), *Stephens Marine, Inc. v. C.I.R.,* 430 F.2d 679, 686 (9th Cir.1970).

Courts may overturn an action taken by the Commissioner under § 446 only if it constitutes a clear abuse of discretion or is plainly arbitrary. *Lucas v. Structural Steel Co.,* 281 U.S. 264, 271, 50 S.Ct. 263, 74 L.Ed. 848 (1930); *Stephens Marine, Inc.,* 430 F.2d at 686. The Tax Court found that the Commissioner had not abused his authority.

In reviewing the Tax Court's finding, we can reverse only if its determination is "clearly erroneous." *Commissioner of Internal Revenue v. Duberstein,* 363 U.S. 278, 290–91, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960); *Rockwell v. C.I.R.,* 512 F.2d 882, 884 (9th Cir.1975). The disallowed deduction in question represents approximately 18% of petitioner's taxable income for 1968. Based on this fact and the entire record, we are not "left with the definite and firm conviction that a mistake has been committed." *Lord v. C.I.R.,* 525 F.2d 741, 742 (9th Cir. 1975), *citing United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948). We agree that the Commissioner did not abuse his discretion under § 446 by determining that a deduction of the total prepayment would prevent a clear reflection of petitioner's income.[2]

Petitioner makes an alternative argument which was not raised before the Tax Court. He asserts that a deduction of at least one year's interest prepayment should be allowed. This argument presents new factual questions which would be improper for us to reach now. *Hormel v. Helvering,* 312 U.S. 552, 556–58, 61 S.Ct. 719, 85 L.Ed. 1037 (1941); *Leopold v. United States,* 510 F.2d 617, 622 (9th Cir.1975).

AFFIRMED.

---

1. Honorable William G. East, Senior United States District Judge, District of Oregon, sitting by designation.

2. In view of our conclusion, it is unnecessary to comment on the validity or invalidity of the several points in Revenue Ruling 68–643, 1968–2 Cum.Bull. 76. Accordingly, discussion of contract law to decide whether petitioner had a binding legal obligation prior to the Revenue Ruling's effective date would be superfluous.