Bernard RESNIK and Beverly Resnik,
Petitioners-Appellants,

v.

COMMISSIONER OF the INTERNAL
REVENUE SERVICE,
Respondent-Appellee.

No. 76–1846.

United States Court of Appeals,
Seventh Circuit.

Submitted May 3, 1977.
Decided May 23, 1977.

Lawrence M. Schulner, Santa Monica, Cal., for petitioners-appellants.

Scott P. Crampton, Asst. Atty. Gen., Myron C. Baum, Gary R. Allen, Murray S. Horwitz, David English Carmack, Attys., Tax Div., Dept. of Justice, Washington, D. C., Meade Whitaker, I. R. S., Washington, D. C., for respondent-appellee.

Before SWYGERT, PELL and TONE, Circuit Judges.

PER CURIAM.

Bernard and Beverly Resnik appeal from an adverse decision of the United States Tax Court. By order of this court dated February 8, 1977, this appeal is submitted on the record and briefs, without oral argument. Fed.R.App.P. 2.[1]

The central issue is whether a taxpayer may deduct, as a business loss, a prepaid interest payment covering a period of four years and three months, where the loss is

---

1. Jurisdiction is conferred on this court under Int.Rev.Code of 1954, § 7482.

the consequence of taxpayer's interest in a limited partnership which had no income, the prepayment is its only expense, and the tax year is one day.

At the end of taxable year 1969, taxpayer was a limited partner in the San Jose Co., an Illinois limited partnership.[2] The San Jose Co. was one of 30 related limited partnerships,[3] all formed on December 31, 1969, which acquired certain real estate on that date from Capital Concepts Corp., a California corporation.

In 1969, Capital Concepts entered purchase agreements with the owners of improved real property located in Texas. The real estate was sold to Capital Concepts and, simultaneously, all of the Texas properties were sold to the 30 related partnerships by Capital. The money (approximately $3,257,330) that was paid on that date to Capital Concepts by the 30 related partnerships was characterized as "prepaid interest."

The San Jose Co. paid Capital Concepts $296,080 for a 3.333-percent undivided interest in the Texas properties. Pursuant to the sales agreement, the San Jose Co. paid $115,000 to Capital Concepts as a prepaid interest payment, covering approximately four years and three months. This payment was made out of the $125,000 in capital contributed by the nine limited partners.[4] Of this $125,000, taxpayer had contributed $40,000, representing a 32-percent interest in the partnership.

The San Jose Co. reported on its partnership return, filed for its initial taxable year beginning and ending December 31, 1969, an ordinary loss of $115,000. This loss resulted entirely from the $115,000 prepaid interest deduction. This was the only expense reported by the San Jose Co. in its initial taxable year, and it reported no income for this period.

On their joint income tax for 1969, taxpayer and his wife claimed a $36,800 deduction representing his distributive share of the $115,000 partnership loss reported by the San Jose Co. for its taxable year 1969. The Commissioner, in his statutory notice of deficiency, disallowed the deduction.

The Tax Court held that the prepaid interest deduction materially distorted the partnership income, and sustained the disallowance of the partnership's prepaid interest deduction as a proper exercise of the Commissioner's authority under Section 446(b) of the Internal Revenue Code of 1954. This eliminated the partnership loss and, accordingly, eliminated the distributive share thereof claimed by taxpayer.

Taxpayer relies primarily on the early cases of *Court Holding Company*, 2 T.C. 531 (1943), and *J. D. Fackler*, 39 B.T.A. 395 (1939), as support for his position that the prepaid interest deduction was proper. But in a case similar to the instant one, the Ninth Circuit recently upheld the disallowance of a deduction of a five-year prepayment of interest on the ground that it did not "clearly reflect income." *Sander v. Commissioner of Internal Revenue*, 536 F.2d 874, 875 (9th Cir. 1976), aff'g, 62 T.C. 469 (1974). The Tax Court in *Sander* had stated that *Court Holding Company* and *Fackler* should not be relied on as precedents under the present state of the law. *Accord, Burck v. Commissioner of Internal Revenue*, 533 F.2d 768 (2d Cir. 1976).

In *Burck*, the court considered whether a deduction for the prepayment of interest for a twelve-month period was properly disallowed. The taxpayer had made an interest prepayment on December 30 for the

---

**2.** "Taxpayer" refers to Bernard Resnik. His wife, Beverly Resnik, is a party to this litigation solely because a joint return was filed for the taxable year in question.

**3.** For purposes of this case, the Commissioner stipulated that the San Jose Co. was a limited partnership. It should be noted, however, that the Commissioner has not stipulated that any of the other 29 related companies qualify as either partnerships or limited partnerships for purposes of federal income taxation and that any such references to them as partnerships or limited partnerships is for purposes of convenience only.

**4.** The San Jose Co. consisted of nine limited partners and one general partner who made no capital contribution.

**636**

succeeding twelve month period. The Commissioner disallowed the deduction and the U.S. Tax Court, 63 T.C. 556, held that the commissioner had not abused his discretion in so doing. The Tax Court also determined that the Commissioner properly exercised his discretion under I.R.C. § 446 in applying the accrual method of accounting to the payment and disallowed it as not clearly reflecting income.

The Second Circuit in *Burck* found that § 446 gives the Commissioner authority to correct not only the overall method of accounting of the taxpayer, but also the accounting treatment of any item. The court went on to hold that "prepaid interest expense may . . . appropriately be recognized by the Commissioner as an item which materially distorts the reporting and taxation of a cash-basis taxpayer's income." 533 F.2d at 773. The court noted that *Lucas v. American Code Co.*, 280 U.S. 445, 50 S.Ct. 202, 74 L.Ed. 538 (1930), permits the Commissioner much latitude for discretion in this area. Consequently, the only issue for review was found to be whether the Commissioner had "abused his discretion in his determination, pursuant to Rev. Rul. 68–643 and Reg. 1.446–1(a),[5] that the . . . claimed deduction for prepaid interest expense resulted in a failure to clearly state his income." *Burck, supra* at 774.

As the recent decisions in *Burck, supra,* and *Sander, supra,* indicate, the relevant inquiry in this matter is whether the method of accounting, viewed with reference to the particular item of prepaid interest, clearly reflects or, conversely, materially distorts income. Once the Tax Court has made a determination, in deference to the complexity of determining a proper method of accounting, the courts will not overturn its finding unless its determination is clearly erroneous. *Sander, supra, citing Commissioner of Internal Revenue v. Duberstein*, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960).

Applying the standard of review enunciated in *Burck* and *Sander,* and with a view toward the factors set forth in Rev.Rul. 68–643, there would appear (as the Tax Court below found) that there was no abuse of discretion by the Commissioner in disallowing the deduction. This conclusion is adequately supported by the record.

Of primary import is the fact that the partnership, created on December 31, 1969, only had a one-day taxable year. Consequently only one day out of the entire 51-month period for which interest was prepaid fell within 1969. All of the interest attributable to this period was deducted in 1969. The record discloses that no income was earned and a large partnership loss deduction was created on the last day of both the partnership and partner's taxable year. This loss allowed taxpayer to deduct $36,800 as a partnership loss on his $40,000 capital contribution made that same day. As a result, approximately 92 percent of taxpayer's contribution was effectively returned to him, in the form of a partnership loss, on the same day that the investment was made. In view of the year-end capital contribution and the prepayment, it would be naive, as the court in *Burck, supra* at 774, stated, to fail to recognize that a substantial tax saving motive was present in the transaction.

Taxpayer argues that any distortion of partnership income is irrelevant to an individual taxpayer. This argument fails to recognize the manner in which a partnership is taxed. Under I.R.C. § 701, partners—not the partnership—are liable for the tax. I.R.C. § 702 dictates that each partner "shall take into account separately his distributive share of the partnership's . . . gains and losses . . . ." It must follow from this requirement that where the Commissioner properly exercises

5. Under Rev.Rul. 68–643, 1968–2 C.B. 76, a deduction by a cash basis taxpayer of interest prepaid for a period extending more than 12 months beyond the date of prepayment will be deemed to result in a material distortion of income, and such prepaid interest will be deductible under I.R.C. § 163 only in the future periods to which it relates. Reg. 1.446–1(a) provides general rules for methods of accounting, and in relevant part states taxpayer may choose any accounting method so long as it clearly reflects income.

his discretion under § 446 and recomputes a partnership's method of accounting so as to clearly reflect income, that alteration must affect the distributive share of each partner to have any meaning. As the Commissioner has not abused his discretion in disallowing the interest deduction by the partnership, there is no resulting deduction as a partnership loss allocable to the individual partner-taxpayer under Section 702.

For the foregoing reasons, the decision of the Tax Court is affirmed.