KENNETH A. CATHCART and JOAN A. CATHCART, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cathcart v. Commissioner
Docket No. 7033-76.
United States Tax Court
T.C. Memo 1977-328; 1977 Tax Ct. Memo LEXIS 113; 36 T.C.M. (CCH) 1321; T.C.M. (RIA) 770328; September 22, 1977, Filed *113 Petitioners obtained a mortgage loan. Withheld from the proceeds of the loan were points representing additional interest. Held, petitioners are not entitled to deduct the entire amount of the points in the year they received the mortgage proceeds. Steven F. Gadon and George M. Britts, for the petitioners. Jan S. Neiman, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent *114 determined a deficiency of $644.84 in petitioners' 1973 income tax. Because of concessions by the parties, the only issue we must decide is whether points withheld from a mortgage are deductible in the year petitioners obtained the mortgage proceeds. FINDINGS OF FACT This case was fully stipulated by the parties. Their stipulation and the exhibits attached thereto are incorporated herein by this reference. Petitioners Kenneth A. Cathcart and his wife Joan A. Cathcart timely filed their joint 1973 Federal income tax return, and were residents of Coral Springs, Florida, when they filed their petition herein. On January 15, 1973, petitioners obtained a mortgage from Southern Federal Savings and Loan Association of Broward County (hereinafter Southern Federal). The amount of this mortgage was $57,600, had an interest rate of 7 percent per year, and a duration of 29 years. Although the amount of the mortgage was $57,600, petitioners received a total disbursement of $55,039.92. In making the loan, Southern Federal withheld from the loan proceeds the following amounts: Recording Mortgage
$ 10.00
Documentary Stamps
86.40
Intangible Tax
115.20
Association Costs
429.80
Points
1,086.60
Preliminary Abstract
40.00
Final Abstract
12.50
Tax Escrow (3 months)
216.48
Insurance Escrow
(1 month)
28.67
Prepaid Interest
1/15/73-1/31/73
190.43
First Year Insurance
Premium
344.00
Total Amount Withheld
From Loan Proceeds
$2,560.08
*115 On their 1973 Federal income tax return, petitioners, who are cash method taxpayers, claimed a $6,759.52 interest expense deduction. Of this amount, $1,631.60 was attributable to "mortgage refinancing cost" consisting of the intangible tax, association costs, and points, listed above. Respondent, in his notice of deficiency, disallowed the interest expense deduction for mortgage refinancing costs to the extent of $1,597.28. Petitioners now concede they are not entitled to deduct the intangible tax or the association costs, but maintain the entire amount of the points, $1,086.60, is deductible in 1973. The parties agree that the $1,086.60 charged for points represents an interest charge, and not a service charge. OPINION The only issue we must resolve is whether petitioners are entitled to deduct points withheld from mortgage proceeds in the year petitioners obtained their mortgage. On January 15, 1973, petitioners obtained a net proceeds mortgage loan from Southern Federal. The face amount of the mortgage was $57,600, bearing a 7 percent interest rate and having a duration of 29 years. As is common practice in net proceeds mortgage loans, the amount ultimately disbursed *116 to petitioners, $55,039.92, was less than the face amount of the mortgage. The difference withheld by Southern Federal, $2,560.08, was used to pay various services and to pay points totalling $1,086.60. Although points frequently represent a hidden service charge, in the case before us the parties agree that the points represent an interest charge. As such, their deductibility is governed by section 163. [1]
Petitioners contend the entire $1,086.60 charged for points is fully deductible in 1973. In contrast, respondent contends the amount charged for points was not fully paid by petitioners in 1973, but rather payment is included in petitioners' monthly mortgage payments over the 29-year term. As such, respondent contends petitioners must pro rate the points over the life of the loan. This method of pro rating the charge over the life of the loan would entitle petitioners to an interest deduction of $34.34 for 1973. [2]
*117 Section 163(a) provides that "There shall be allowed as a deduction all interest paid or accrued within the taxable year on indebtedness." Despite the language of section 163(a), cash method taxpayers may not take interest expense deductions for prepaid interest if such deductions materially distort their income. Sandor v. Commissioner,62 T.C. 469 (1974), affd. 536 F. 2d 874 (9th Cir. 1976); Cole v. Commissioner,64 T.C. 1091 (1975); Resnik v. Commissioner,66 T.C. 74 (1976), on appeal (7th Cir., June 30, 1976). The Internal Revenue Service, and subsequently Congress, recognized an administrative exception to the material distortion of income argument when dealing with taxpayers who prepay interest or points on a home mortgage. See Rev. Rul. 69-582, 1969-2 C.B. 29; sec. 461(g)(2), added by sec. 208(a), Tax Reform Act of 1976, 90 Stat. 1541. Consequently, cash method taxpayers who prepay points on their home mortgages with funds not obtained from the lender are entitled to deduct the entire amount in the year paid. This rule, however, does not settle the case before us. Although we have cash method *118 taxpayers who obtained a mortgage loan secured by their personal residence, the points required in order to obtain the loan were withheld from the mortgage proceeds. Because the points were withheld from the loan proceeds, rather than paid by petitioners to Southern Federal, we conclude petitioners are not entitled to deduct the entire $1,086.60 in 1973. Our decision in this matter is controlled by Rubnitz v. Commissioner,67 T.C. 621 (1977). In Rubnitz, taxpayer owned an interest in Branham Associates (hereinafter Branham). In order to construct an apartment complex Branham, in 1970, obtained a $1,650,000 construction loan from a savings and loan association. Withheld from the proceeds of this loan was a "loan fee" of $57,750, which the parties agreed constituted interest under section 163(a). We concluded that the deduction or withholding of the loan fee from the loan proceeds did not constitute a "payment" of interest within the meaning of section 163(a), and therefore Branham was not entitled to deduct the full $57,750 as interest paid in 1970. Consequently, taxpayer was not entitled to the entire interest deduction he had claimed. In reaching *119 this conclusion, we noted at 628, Branham received $1,592,220 from the bank but it promised to repay $1,650,000 plus interest at a specified rate. Of the difference between these figures, $57,750 might well have represented additional interest charges. However, it is plain that Branham did not pay that interest in 1970. Instead, by signing a promissory note, it specifically chose to postpone paying that amount until sometime in the future. The entire $57,780 was to be paid ratably by the borrower over the life of the loan as one component of the monthly installments * * * which would ultimately result in the payment of the full $1,650,000.Therefore, Branham may not deduct the $57,750 as "interest paid" during 1970. Similarly, we conclude that petitioners are not entitled to deduct their points, totalling $1,086.60, as "interest paid" during 1973. Rather, petitioners may only deduct $34.34, that pro rata portion of the points attributable to 1973. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954 as amended and in effect during 1973.↩
2. $1,086.60 X 11 monthly payments / 12 months X 1 / 29-year term = $34.34 Respondent erroneously contends that petitioners are entitled to deduct $34.32, rather than $34.34, in 1973. Respondent arrived at this figure by inserting $1,086.00 in the above formula.↩