James V. and Esther R. COLE, and Clifford M. and Elizabeth A. Cole, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 77-1566.

United States Court of Appeals, Ninth Circuit.

Nov. 22, 1978.

John F. Kalben, Seattle, Wash., for petitioners-appellants.

Carleton D. Powell, Washington, D. C., for respondent-appellee.

Before WRIGHT and GOODWIN, Circuit Judges, and JAMESON, District Judge.*

EUGENE A. WRIGHT, Circuit Judge:

James and Esther Cole and Clifford and Elizabeth Cole (Coles) appeal a Tax Court

decision upholding the disallowance of prepaid interest deductions by the Commissioner of Internal Revenue (Commissioner). The Commissioner required the Coles to deduct interest ratably over the 40-month period for which it was paid. We affirm.

## I.

### FACTS

In October 1968, James and his son Clifford each received $46,463.80 in a settlement between the Alaska Department of Highways and their construction business partnership in which each had a one-third interest.

On November 22, 1968, James and Esther Cole offered to buy an apartment building through a broker. They persuaded Clifford and Elizabeth to provide 40% of the capital. On November 25, 1968, James and the broker entered into an earnest money agreement which provided for prepayment of 40 months' interest totalling $100,010. On December 23, 1968, the parties closed the sale.

Prior to November 26, 1968, the Commissioner allowed a cash basis taxpayer to deduct up to five years prepaid interest under I.R.C. § 163.[1] James relied on this policy when he entered into the sale. On November 26, however, after the Coles signed the earnest money agreement but before the sellers signed, the Commissioner issued Revenue Ruling 68–643, 1968–2 C.B. 76. The ruling proscribes as a material distortion of income a deduction by a cash basis taxpayer of prepaid interest for more than a 12-month period. Prepaid interest covering more than 12 months must be allocated over the taxable years involved. The ruling is not retroactive and does not apply to a legal obligation to prepay interest incurred prior to November 26, 1968.

The Coles were cash basis taxpayers in 1968. For that year, James and Esther deducted $58,947.60 as interest payments (60% of $100,010) and Clifford and Elizabeth deducted $39,292.50 (40% of $100,010).

---

* Senior District Judge, District of Montana.

1. All section numbers are references to the Internal Revenue Code.

The Commissioner found that, prior to November 26, the Coles had no legal obligation to prepay interest and that the deductions materially distorted their incomes. He disallowed all but the amounts of prepaid interest allocable to 1968. The Tax Court upheld the Commissioner. *James v. Cole,* 64 T.C. 1091 (1975).

## II.

### DISCUSSION

■ Under § 461 a cash basis taxpayer normally can deduct any permissible expense for the year in which the expense is paid. The Commissioner, nevertheless, has broad discretionary authority under § 446(b) to require another accounting method "if the method used does not clearly reflect income." *C. I. R. v. Hansen,* 360 U.S. 446, 467, 79 S.Ct. 1270, 3 L.Ed.2d 1360 (1959).[2]

■ An action taken by the Commissioner under § 446 will be set aside by the courts only if there is a clear abuse of discretion. *Lucas v. Structural Steel Co.,* 281 U.S. 264, 271, 50 S.Ct. 263, 74 L.Ed. 848 (1930); *Stephens Marine, Inc. v. C. I. R.,* 430 F.2d 679, 686 (9th Cir. 1970). Here the Tax Court found that the Commissioner did not abuse his discretion. In order to reverse the Tax Court, we must find that its determination is clearly erroneous. *C. I. R. v. Duberstein,* 363 U.S. 278, 290–91, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960); *Rockwell v. C. I. R.,* 512 F.2d 882, 884 (9th Cir. 1975).

Our decision in *Sandor v. C. I. R.,* 536 F.2d 874 (9th Cir. 1976), *aff'g* 62 T.C. 469 (1974), controls this case. In *Sandor* we affirmed a Tax Court holding that the Commissioner did not abuse his discretion in disallowing a large prepaid interest deduction claimed by a cash basis taxpayer in a high income year. The disallowed deduction represented 18% of Sandor's taxable income for 1968. 536 F.2d at 875.

■ Here, the claimed deductions were an even greater distortion of the taxpayers' incomes. Although the eight days remaining in 1968 after the sale was closed represented only about one-half of one percent of the total 40-month interest period, the Coles attempted to deduct 100% of the interest due during that period.

■ The Coles argue that *Sandor* is distinguishable from the facts here because it involved a bank loan on which the taxpayer could expect a rebate for the unearned portion of the prepaid interest if he paid off the principal before the due date. Although the Coles do not make it clear, apparently they contend that they could not receive a similar rebate. The absence of a potential rebate here does not limit the Commissioner's discretion nor change the result required by *Sandor.* As the Tax Court noted, the Coles' incomes are no less distorted because they knew that they could not get a rebate by paying off the principal before the due date. 64 T.C. at 1105.

In light of our opinion in *Sandor,* the Tax Court's finding here was not clearly erroneous. *Accord, Resnik v. C. I. R.,* 555 F.2d 634 (7th Cir. 1977); *Burck v. C. I. R.,* 533 F.2d 768 (2d Cir. 1976). Because our conclusion is based solely on the Commissioner's exercise of discretion under § 446(b), we need not decide whether the Coles had a binding contractual obligation prior to the effective date of Revenue Ruling 68–643.

AFFIRMED.

2. The Coles argue that this income test is relevant only to evaluate whether the accounting method used by taxpayers clearly reflects income. It has also been applied, however, to the timing of a particular deduction. *E. g., Photo Sonics, Inc. v. C. I. R.,* 42 T.C. 926, 931 (1964), *aff'd* 357 F.2d 656 (9th Cir. 1966).