**RECORD WIDE DISTRIBUTORS, INC., Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 81–1853.

United States Court of Appeals, Eighth Circuit.

Submitted March 10, 1982.

Decided July 14, 1982.

Rehearing Denied Aug. 24, 1982.

Claude Hanks, Leonard R. Yocum, Creve Coeur, Mo., for appellant.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Daniel F. Ross, Michael J. Roach, Attys., Tax Div., Dept. of Justice, Washington, D. C., for appellee.

Before HEANEY, BRIGHT and HENLEY,* Circuit Judges.

HENLEY, Senior Circuit Judge.

Taxpayer Record Wide Distributors, Inc. appeals the decision of the tax court upholding the Commissioner's assessment of certain deficiencies for the tax years 1972, 1973 and 1974. We affirm.

---

* The Honorable J. Smith Henley assumed senior status on June 1, 1982.

Taxpayer, a Missouri corporation, is a wholesale distributor of records and tapes, and deals primarily in "cut-outs," budget merchandise that the manufacturer is unable to sell at market price. Because cut-outs have limited marketability, taxpayer's normal business practice is to send an invoice with each shipment to its customers, but to defer immediate payment in order to allow its customers to return any unsold items, generally fifty to sixty per cent, along with payment for the items sold.[1]

The issues in this case concern taxpayer's method of accounting during the tax years in question. Characterizing this method as a hybrid of cash and accrual methods, the tax court found that Record Wide reduced its inventory when items were shipped to its customers, but recorded sales upon actual receipt of payment.[2] The Commissioner concluded that this hybrid method did not clearly reflect taxpayer's income,[3] see 26 U.S.C. § 446(b), and recalculated tax liability for the years 1972, 1973 and 1974, on an accrual basis, resulting in the assessment of deficiencies in the amounts of $92,056.99, $34,444.54 and $21,232.29, respectively.[4]

■ Record Wide defends its accounting method as consistent with its unique business practices. It is established, however, that the Commissioner has broad discretion to evaluate and modify a taxpayer's accounting method in order to insure the clear reflection of income, and that the taxpayer has the heavy burden of proving that the Commissioner's determination is plainly arbitrary. *Thor Power Tool Co. v. Comm'r*, 439 U.S. 522, 532–33, 99 S.Ct. 773, 780–81, 58 L.Ed.2d 785 (1979); *Clement v. United States*, 580 F.2d 422, 430 (Ct.Cl. 1978), *cert. denied*, 440 U.S. 907, 99 S.Ct.

1214, 59 L.Ed.2d 455 (1979). The regulations clearly mandate the use of an accrual accounting method for businesses that maintain inventories, unless the Commissioner, in his discretion, authorizes an alternate method. Treas. Reg. § 1.1446–1(c)(2). The tax court concluded, and we agree, that Record Wide failed to establish that the Commissioner abused his discretion by requiring the use of an accrual method to compute Record Wide's tax liability.

■ Taxpayer's next contention is that even if an accrual method is used, income should not be reported until actual payment is received because until that time the right to receive income in an amount determinable with reasonable accuracy is not established due to the unpredictable percentage of returns. We think that Record Wide has possibly confused the uncertainty of the time and amount of actual payment with the right to receive payment. The tax court found that Record Wide dealt with its customers on a "sale or return" basis, and that the right to receive payment thus arose upon delivery of the merchandise to taxpayer's customers. As indicated, taxpayer reduced its inventory when the goods were shipped, thereby increasing cost of sales; yet taxpayer failed to show that title was retained while the goods were in the possession of its customers. Moreover, as the tax court noted, even if Record Wide dealt on a consignment basis, income would be recorded upon the sale of the goods rather than upon receipt of payment.

We agree with the tax court that, on the basis of an accrual accounting method, the invoice amounts were properly included in income as accounts receivable upon delivery of the merchandise and the corresponding reduction of inventory.

1. The tax court noted that Record Wide encouraged returns and payments within 120 days of shipment, but often did not receive returns and payments within 120 days and sometimes settlement of accounts extended more than a year from date of sale.

2. Taxpayer asserts that it used a cash accounting method, but the tax court observed that the evidence supported a finding that taxpayer actually used an accrual method since an accounts receivable ledger was maintained

with a separate entry for each customer. However, for purposes of its opinion, the court assumed that taxpayer used a hybrid system.

3. This conclusion is based, at least in part, on the fact that thirty to thirty-five per cent of returns and payments occurred in the tax year following shipment.

4. These figures have since been reduced by certain concessions.

The final issue is whether Record Wide is entitled to a bad debt deduction or a deduction for an addition to a bad debt reserve for 1974. *See* 26 U.S.C. § 166. In that year, Sound On Tape Distributors, Inc., one of taxpayer's major customers, suffered a serious financial setback and was unable to pay Record Wide the $176,574.22 remaining after all returns were credited. Because income was reported on a cash received basis, Sound On's failure to pay was not charged off by taxpayer in 1974. Taxpayer now contends that if its 1974 tax liability is recomputed on an accrual basis, it is entitled to a deduction under § 166(a)(1) or (2), or (c).[5]

Relying on the facts that Sound On attempted to salvage its business for several years and that taxpayer continued to deal with Sound On, albeit not on a credit basis, the tax court concluded, and we agree, that taxpayer has failed to prove that the debt was wholly worthless in 1974, as required by § 166(a)(1). *See Riss v. Comm'r*, 478 F.2d 1160, 1165–66 (8th Cir. 1973). With respect to § 166(a)(2), and (c), we recognize, as did the tax court, that the Commissioner is vested with broad discretion to allow a deduction for a partially worthless debt, *Brimberry v. Comm'r*, 588 F.2d 975, 977 (5th Cir. 1979), or for an addition to a bad debt reserve, *Thor Power Tool v. Comm'r*, 439 U.S. at 547–48, 99 S.Ct. at 788–89; *Malone & Hyde, Inc. v. United States*, 568 F.2d 474, 477 (6th Cir. 1978). Although the Commissioner might have reached a different result, we cannot say that he clearly erred in finding that Record Wide failed to show that the partial worthlessness could have been predicted in 1974

with reasonable certainty. *See Sika Chemical Corp. v. Comm'r*, 64 T.C. 856, 863 (1975). We conclude that the Commissioner did not abuse his discretion in disallowing a bad debt deduction or a deduction for an addition to a bad debt reserve in 1974.[6]

Finding no reversible error, the decision of the tax court, largely for reasons stated by that court, is affirmed.

---

**5.** Section 166 provides in pertinent part:

(a)(1) Wholly worthless debts.—There shall be allowed as a deduction any debt which becomes worthless within the taxable year.

(2) Partially worthless debts.—When satisfied that a debt is recoverable only in part, the Secretary may allow such debt, in an amount not in excess of the part charged off within the taxable year, as a deduction.

\* \* \* \* \* \*

(c) Reserve for bad debts.—In lieu of any deduction under subsection (a), there shall be

allowed (in the discretion of the Secretary) a deduction for a reasonable addition to a reserve for bad debts.

**6.** The tax court noted that taxpayer charged the debt off its books in 1978 but did not take a tax deduction. The record does not indicate whether Record Wide has attempted to adjust its tax liability to reflect deduction for this loss in any other year or the extent to which 1978 or other years might still be open for such adjustment. Nor does the record reflect that taxpayer had established and used a bad debt reserve for any of the years at issue.