Thomas M. FERRILL, Jr. and Louise B. Ferrill, Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE.

No. 81–2242.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) June 4, 1982.

Decided July 23, 1982.

As Amended Aug. 6, 1982.

Thomas M. Ferrill, Jr., Fort Washington, Pa., pro se, and Michael L. Paup, Washington, D. C., for appellants.

John F. Murray, Acting Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Section Tax Div., Carleton D. Powell, Mary L. Fahey, Dept. of Justice, Washington, D. C., for appellee.

Before ADAMS, VAN DUSEN and WEIS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

In this appeal from a decision by the Tax Court in favor of the Commissioner of Internal Revenue, the appellants, Thomas and Louise Ferrill, claim that the Tax Court erred in disallowing a deduction of prepaid interest and in permitting an amended answer by the Commissioner. Because we conclude that the Tax Court neither committed an error of law nor abused its discretion, we affirm.

I

The Ferrills were cash basis taxpayers who filed a joint return for the calendar year 1972. Earlier in that year, they investigated the possibility of establishing a restaurant franchise, in the hope of obtaining income tax deductions for interest and depreciation. The Ferrills visited Missouri to learn more about the restaurant business and subsequently attempted to locate and purchase a site in the Tampa Bay, Florida, area for construction of their own restaurant. While the taxpayers were searching for a favorable restaurant site, they kept more than $150,000 in their personal checking and savings accounts with Industrial Valley Bank and Trust Company (IVB) in Jenkintown. After finding a suitable location in Florida, the Ferrills made an unsuccessful offer to the owners.

Upon determining that their efforts to commit funds during 1972 to the restaurant project would not succeed, the Ferrills explored other ventures which might yield tax deductions while still permitting them to pursue their restaurant project the following year. The taxpayers eventually settled on a loan transaction which they believed would offer them the greatest tax advantages. They decided to borrow $2,537,-720.79 from IVB late in the calendar year 1972, with the loan to be paid in full by December 21, 1973. The amount of the loan was credited to the Ferrills' IVB checking account on December 27, 1972. On that same day, their account was debited by the full amount of the loan in order to cover the cost of purchasing United States Treasury bonds. The bonds, along with other securities owned by the taxpayers, were pledged as collateral to secure the loan.

In accordance with an agreement made with the bank, on December 27, 1972, the Ferrills prepaid $145,513.62 in interest for the term of the loan. By taking this action, the rate of interest on the loan became fixed. On their 1972 income tax return the Ferrills showed an adjusted gross income of $279,905.75, which included $252,185.32 from Mr. Ferrill's law practice. They claimed the $145,513.62 paid to IVB on December 27, 1972, as an interest expense deduction.

Relying initially on section 163(d) of the Internal Revenue Code, 26 U.S.C. § 163(d), which establishes limitations on the amount of allowable interest expense, the Commissioner issued a notice of deficiency to the Ferrills and disallowed $35,938 of the claimed interest expense deduction. The Ferrills thereupon filed suit in the Tax Court protesting this disallowance and contending that the Commissioner had abused his discretion. During pretrial proceedings, after the taxpayers had furnished answers to certain interrogatories, the Commissioner moved to amend its deficiency assessment from $35,938 to $75,718. This latter figure represented the disallowance of the entire interest claimed by the taxpayers in 1972, and was justified, according to the Commissioner, because, by claiming a deduction for all of the prepaid interest in 1972, the Ferrills "materially distorted" their 1972 income.[1]

The Tax Court agreed with the Commissioner that the prepaid interest deduction claimed by the Ferrills resulted in a material distortion of income for 1972. Consequently, the Tax Court held that the Commissioner had not abused his discretion, and disallowed all but $4/360$ of the interest deduction in 1972.[2] In this appeal, the taxpayers argue that the Tax Court erred as a matter of law and that the Commissioner abused his discretion in preventing them from deducting the prepaid interest from their 1972 adjusted gross income.

## II

■ Although section 163(a) of the Code authorizes a deduction for "all interest paid or accrued within the taxable year on indebtedness," the timing of this deduction depends upon the "method of accounting used in computing taxable income," 26 U.S.C. § 461(a). The Code provides that a taxpayer may determine how his taxable

income is to be computed under the method of accounting regularly used by the taxpayer. The taxpayer's determination nevertheless is reviewable by the Commissioner, who, acting pursuant to section 446(b), 26 U.S.C. § 446(b), may reject a taxpayer's method of accounting if it "does not clearly reflect income." Under these circumstances, the Commissioner may instead compute the taxpayer's income "under such method as, in the opinion of the Secretary or his delegate, does clearly reflect income."

■ The Commissioner has broad discretion in determining whether a taxpayer's method of accounting clearly reflects his income. *Commissioner v. Hansen*, 360 U.S. 446, 79 S.Ct. 1270, 3 L.Ed.2d 1360 (1959); *Fort Howard Paper Co. v. Commissioner*, 49 T.C. 275 (1967). As a result, a taxpayer ordinarily has a heavy burden in overcoming any such determination by the Commissioner. *Fort Howard Paper Co., supra; Photo-Sonics Inc. v. Commissioner*, 42 T.C. 926 (1964), *aff'd*, 357 F.2d 656 (9th Cir. 1966). Even if the accounting method used by a taxpayer is consistent with generally accepted accounting principles, the Commissioner may reject that method if it fails to represent accurately the taxpayer's income. *American Automobile Association v. United States*, 367 U.S. 687, 81 S.Ct. 1727, 6 L.Ed.2d 1109 (1961); *Fort Howard Paper Co., supra; Sandor v. Commissioner*, 62 T.C. 469 (1974), *aff'd*, 536 F.2d 874 (9th Cir. 1976). With this general principle as a guide, we turn to the disallowance at issue here.

Prior to 1968, the Internal Revenue Service permitted a cash basis taxpayer to deduct up to five years of prepaid interest from income. In 1968, however, the Service issued Revenue Ruling 68–643, 1968–2 C.B. 76, which restricted the deductibility of prepaid interest. Pursuant to this ruling, pre-

---

1. The Commissioner also argued that disallowance of the entire interest deduction was in order because the Ferrills in effect had received a "discounted note" and therefore, under the cash basis of accounting, could only qualify for an interest deduction when payments were made on the note. The Tax Court found that

the Commissioner had not presented sufficient evidence to sustain its theory regarding the discounted loan, and this point is not raised on appeal.

2. $4/360$ represented the four days in 1972 to which the prepaid interest could be applied.

payment of interest for periods exceeding twelve months beyond the end of the current taxable year ordinarily will be disallowed as a material distortion of income. Instead, the Commissioner will require the interest deduction to be spread over the years involved. *See e.g., Cole v. Commissioner*, 64 T.C. 1091 (1975), *aff'd*, 586 F.2d 747 (9th Cir. 1978). In situations where prepayment of interest is made on indebtedness extending over a period of time shorter than twelve months, the Commissioner is to determine whether the deduction materially distorts income on a case-by-case basis. In making determinations of this type, the Commissioner may consider the following factors: the amount of income in the taxable year of payment; the income of previous taxable years; the amount of prepaid interest; the time of prepayment; the reason for prepayment; and the existence of a varying rate of interest over the term of the loan.[3]

Given the Commissioner's broad discretion to review whether a taxpayer's accounting system materially distorts income, and in light of the factors enumerated in the Revenue Ruling, we believe that the Tax Court did not err when it concluded that the Ferrills' deduction for prepayment of interest in calendar year 1972 materially distorted their income. The record establishes that: (1) the Ferrills had a substantial sum of cash on hand at the end of 1972; (2) the cash was to be used for investment in a restaurant project; (3) if the restaurant project had succeeded, the taxpayers

expected to receive substantial tax benefits; (4) because of their inability to launch the restaurant project, the Ferrills explored the possibility of other tax shelters; (5) the Ferrills decided on an arrangement whereby they would borrow funds and prepay the interest in 1972; (6) testimony by the Ferrills' banker indicated that their principal reason for obtaining the loan was to realize a tax shelter; (7) the taxpayers, and not the bank, suggested the interest prepayment arrangement; (8) the money from the loan was used to buy treasury bonds and not, as stated in testimony by the taxpayers and as indicated on the loan application, used in connection with the restaurant project; (9) the loan transaction, the prepayment of the interest, and the purchase of the bonds all occurred on December 27, 1972; and (10) the interest expense deduction greatly reduced the Ferrills' adjusted gross income for 1972 and in turn reduced the amount of tax they paid for 1972. In view of these facts, we cannot say that it was unreasonable for the Commissioner to determine that the taxpayers' accounting for the prepaid interest did not clearly reflect their income and should not be accepted.[4] We conclude, therefore, that the decision of the Tax Court affirming the disallowance was not erroneous as a matter of law.

### III

The Ferrills also argue that the Tax Court erred in permitting counsel for the Service to amend its deficiency assessment prior to trial and in sustaining the assertion raised in the amended answer.

3. Section 461(g) of the Code, 26 U.S.C. § 461(g), enacted in 1976, provides that prepaid interest, with certain exceptions, "shall be charged to capital account and shall be treated as paid in the period to which so allocable." The effect of this provision is to disallow all deductions for prepaid interest, regardless of the period of prepayment. Section 461(g) is applicable, however, only to transactions that occurred after December 31, 1975.

4. According to Revenue Ruling 68–643, one of the factors to be considered in determining whether a taxpayer has materially distorted his income for any given year is his income for previous years. The Ferrills correctly point out that, in this case, the Commissioner produced no evidence as to their tax returns for the years

immediately preceding 1972. We cannot, however, agree with the taxpayers that this omission on the part of the Commissioner prohibited the Tax Court from concluding that their reported 1972 income in fact was materially distorted. Under the revenue ruling, information relating to income in previous tax years is only *one* of many factors which *may* be evaluated in determining whether an income distortion has occurred. Where, as here, the available evidence strongly suggests that a material distortion of income has occurred in a particular year, we cannot say that it is reversible error for the Tax Court to fail to compare the taxpayers' returns for previous years in concluding that a material distortion has occurred.

■ There can be little doubt that, at least from a procedural perspective, the Tax Court acted correctly in permitting the Commissioner to amend his original deficiency notice. Section 6214(a) of the Code, 26 U.S.C. § 6214(a) permits the Tax Court to redetermine "the correct amount of [a] deficiency ... if [a] claim therefor is asserted by the Secretary at or before the hearing or a rehearing." Section 6214(a) also allows the Commissioner to assess before the Tax Court an additional deficiency for the year under review even though such was not claimed in the original notice of deficiency. *Deakman-Wells Co. v. Commissioner*, 213 F.2d 894, 898 (3d Cir. 1954) (decided under section 272(e) of the 1939 Code, the predecessor to section 6214(a)). According to caselaw, an attempt to increase a deficiency is timely made whether it is presented during the taking of the evidence or in the period allowed for argument or briefs—in short, at any time before the decision and judgment of the court have been entered. *Henningsen v. Commissioner*, 243 F.2d 954, 959 (4th Cir. 1957). In general, the purpose of section 6214(a) is to provide the taxpayer with an opportunity to answer and resist the claim before it is considered by the Tax Court. *Id.*

In the present case, the Commissioner filed an amended answer on May 10, 1978, prior to the commencement of trial. The Ferrills did not object before the Tax Court to the filing of the amended answer and did not file their brief with that Court until July 26, 1978. The amended answer, therefore, appears to have been filed in a timely enough fashion to afford the taxpayers sufficient opportunity to resist the increased deficiency. They thus were not prejudiced by the filing of this amendment.

■ The Ferrills maintain, however, that the Tax Court erred in accepting the theory of the deficiency presented in the amended notice. The Commissioner, it will be recalled, originally assessed a deficiency against the taxpayers pursuant to 26 U.S.C. § 163(d), which provides for a limitation on allowable interest expense deductions. The taxpayers contend that the Commissioner, by relying on section 163(d), in effect approved their interest deduction, subject only to a limitation on its amount. In the amended notice, however, the Commissioner attacked the deduction pursuant to section 446(b) of the Code, arguing that, because the taxpayers had materially distorted their 1972 income, the entire deduction should be disallowed. The Ferrills insist that the theories underlying section 163(d) and section 446(b) are mutually exclusive; they argue that once the Commissioner had approved their interest write-off (subject to the section 163(d) limitation), he should be estopped from amending his answer and contesting the validity of the deduction under section 446(b).

We cannot agree with the taxpayers' construction of the Commissioner's actions. To be sure, the Commissioner originally attacked the interest deduction by relying on section 163(d). His subsequent effort to oppose the entire deduction on section 446(b) grounds arose only after the Ferrills, in their response to interrogatories, attempted to justify the interest deduction by representing it to be an "interest prepayment or discount." This was the first time that such an explanation had been made known to the Commissioner, and the Commissioner amended his answer accordingly. Thus, the Commissioner's "new" theory—that section 446(b) prevented a deduction for the entire amount of the interest prepayment—arose only in response to the assertion, advanced by the Ferrills for the first time during pretrial proceedings, that the interest in question was prepaid interest.

In the case of the assertion of any new matter or increase in the deficiency, the burden of proof is on the Commissioner to justify his change of position. United States Tax Court, Rules of Practice and Procedure (Jan. 1, 1974), Rule 142(a). We believe the Commissioner has met that burden in this proceeding. In his motion to file an amended answer, he specifically stated the grounds for advancing, for the first time during pretrial proceedings, a section 446(b) claim: he had amended his answer

only after the taxpayers introduced a new explanation for the interest payment. In accepting the amended answer, therefore, the Tax Court did not, as the Ferrills allege, superimpose its own disposition to require a change of accounting method upon the Commissioner's original section 163(d) reasoning. Rather, the Court correctly found that the Commissioner was justified in advancing the material-distortion-of-income argument. We find no legal error on the part of the Tax Court or abuse of discretion on the part of the Commissioner.

### IV

The decision of the Tax Court will be affirmed.