LLOYD E. WILLIAMS, JR. AND MILDRED A. WILLIAMS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 36698-87.          Filed March 21, 1990.

*J. Gordon Hansen* and *Stuart A. Fredman,* for the petitioners.*

*David L. Zoss, Lewis J. Fernandez,* and *James C. Lanning,* for the respondent.

OPINION

CLAPP, *Judge:* Respondent determined a $29,015 deficiency in petitioners' Federal income tax and a $7,254 addition to tax under section 6661 for the year 1983. In his amended answer, respondent increased the deficiency to

---

*Brief amicus curiae was filed by Edward C. Rustigan, George W. Craven, Joseph R. Goeke, and James R. Barry as attorneys for Jorman Oak Brook, Ltd.

$61,011.50 and conceded that section 6661 is not applicable. All section references are to the Internal Revenue Code for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issue is whether section 446(b) or section 461(g) limits petitioners' interest deduction to the amount of interest that economically accrued rather than to the amount of interest determined under section 483. This is a case of first impression.

This matter is before the Court on the parties' cross-motions for summary judgment filed under Rule 121. We will treat each motion as being for partial summary judgment on the section 483 issue. Each party objects to the other party's motion on the merits. Although there remain unresolved issues of fact which preclude final resolution of this case, the parties agree, for the limited purposes of these motions, as to all facts necessary to rule on the motions. There are, therefore, no material questions of fact regarding the cross-motions for partial summary judgment.

## Background

The factual matter set forth in this case is based on undisputed documents submitted to us in support of the parties' cross-motions for partial summary judgment.

Petitioners Lloyd E. Williams and Mildred A. Williams resided in Kenilworth, Illinois, when they filed their petition. Mildred A. Williams is a petitioner solely because she and her husband executed a joint income tax return. References to "petitioner" will be to Lloyd E. Williams.

The interest deduction at issue relates to petitioner's purchase of a one-half interest in a Utah condominium in 1983. On June 22, 1983, petitioner and Barry Montgomery (the buyers) entered into an agreement to purchase the condominium from RDG Associates for $1,514,000. On June 23, 1983, the buyers made a $10,000 downpayment. On the same date, they executed and delivered a fully recourse, non-interest-bearing note in the amount of $1,504,000. The buyers were required to pay the note in two installments. The first installment of $477,000 was due on December 30, 1983, and the second installment of $1,027,000 is due on

July 24, 2013. The buyers timely paid the first installment on the note.

Petitioners are on the cash method of accounting. When filing their 1983 income tax return, they calculated interest on the note in accordance with section 483(a), which provided:

For purposes of this title, in the case of any contract for the sale or exchange of property there shall be treated as interest that part of a payment to which this section applies which bears the same ratio to the amount of such payment as the total unstated interest under such contract bears to the total of the payments to which this section applies which are due under such contract.

Because the $1,504,000 note is non-interest bearing, it contains total unstated interest. Sec. 483(b). For this and other reasons, both payments on the note are subject to section 483. Sec. 483(c). The total unstated interest on the note equals the amount by which the total payments on the note exceed the present value of those payments. Sec. 483(b). The parties agree that total unstated interest is $994,729, or 0.6613889 of the total payments on the note. The parties also agree that petitioners correctly allocated this total unstated interest between the two payments on the note so that interest would comprise 0.6613889 of each payment. This allocation caused $315,482 of the $477,000 first payment on the note to be characterized as interest. When calculating their interest deduction for 1983, petitioners took this $315,482 figure, added the $630 in interest the buyers paid to a bank from which they borrowed funds to make the first payment on the note, and subtracted real property construction period interest of $25,964 pursuant to section 189. This gave the buyers a net interest deduction of $290,148 (not counting real property construction period interest), and petitioners calculated their share of this deduction as $145,075.

Respondent allows petitioners a $315 deduction for their share of the $630 interest payment the buyers made to the bank, but argues that the remaining $144,760 is not deductible. Respondent calculates that only $25,463 of interest economically accrued on the note between the date of purchase on June 22, 1983, and the first payment on the note on December 30, 1983. Petitioners do not disagree with

this calculation. Respondent asserts that under sections 446(b) and 461(g) only petitioners' share of $25,463, or $12,731, should be allowed as an interest deduction. Although respondent does not make this calculation, it would follow that $145,010 ($12,731 subtracted from half of the $315,482 unstated interest) of petitioners' interest deduction should be disallowed. This is $250 greater than the $144,760 that respondent seeks to disallow because respondent does not correct a computational error made by petitioners when calculating their section 189 real property construction period interest. Their reported share of that amount is $250 greater than the amount of interest that economically accrued.

## Discussion

The issue is whether section 446(b) or section 461(g) limits petitioners' interest deduction to the amount of interest that economically accrued rather than to the amount of interest determined under section 483.

Respondent's principal argument involves section 446(b), which states that:

If no method of accounting has been regularly used by the taxpayer, or if the method used does not clearly reflect income, the computation of taxable income shall be made under such method as, in the opinion of the Secretary, does clearly reflect income.

In *Prabel v. Commissioner*, 91 T.C. 1101, 1111-1112 (1988) (Court reviewed), affd. 882 F.2d 820 (3d Cir. 1989), we said:

Under section 446(b), respondent has "broad powers of determining whether accounting methods used by a taxpayer clearly reflect income." *Commissioner v. Hansen*, 360 U.S. 446, 467 (1959). Respondent's authority under section 446(b) reaches not only overall methods of accounting, but also a taxpayer's method of accounting for specific items of income and expense. Sec. 1.446-1(a), Income Tax Regs.; *Keller v. Commissioner*, 725 F.2d 1173, 1179 (8th Cir. 1984), affg. 79 T.C. 7 (1982); *Burck v. Commissioner*, 533 F.2d 768, 773 (2d Cir. 1976), affg. 63 T.C. 556 (1975); *Grynberg v. Commissioner*, 83 T.C. 255, 267 (1984). [Fn. ref. omitted.]

This Court cannot interfere with respondent's audit adjustments under section 446(b) unless the adjustments are "clearly unlawful," or "plainly arbitrary." *Thor Power Tool Co. v. Commissioner*, 439 U.S. 522, 532-533 (1979). Our task in evaluating changes in methods of accounting under section 446(b) is to determine whether respondent abused his discretion in

changing the taxpayer's method of accounting. *RCA Corp. v. United States,* 664 F.2d 881, 886 (2d Cir. 1981), cert. denied 457 U.S. 1133 (1982). The taxpayer has a heavy burden of establishing that respondent did, in fact, abuse his discretion. *American Fletcher Corp. v. United States,* 832 F.2d 436, 438 (7th Cir. 1987); *Record Wide Distributors, Inc. v. Commissioner,* 682 F.2d 204, 206 (8th Cir. 1982), affg. a Memorandum Opinion of this Court. * * *

Respondent notes that section 1.483-2(a)(1)(i), Income Tax Regs., states:

Generally, a contract under which there is total unstated interest (within the meaning of section 483(a)) shall be treated as if such interest were actually provided for in the contract, and such unstated interest shall constitute interest for all purposes of the Code. * * *

Since unstated interest is generally treated as if it were provided for in the contract, respondent argues that for purposes of section 446(b) we should treat $315,482 (the portion of petitioner's first installment characterized as interest by section 483) as if it were interest provided for in the contract. If we do, respondent argues, petitioners must use the economic accrual method to calculate their interest deduction. Respondent cites *Prabel v. Commissioner,* 91 T.C. at 1101, which involved the use of the Rule of 78's to accelerate interest payments relative to the economic accrual method. In *Prabel,* we concluded that the Commissioner acted within his discretion under section 446(b) when he required that the interest deductions be determined under the economic accrual method. We have reached similar results in other cases involving the prepayment of interest. *Resnik v. Commissioner,* 66 T.C. 74 (1976), affd. 555 F.2d 634 (7th Cir. 1977); *Cole v. Commissioner,* 64 T.C. 1091 (1975), affd. 586 F.2d 747 (9th Cir. 1978); *Burck v. Commissioner,* 63 T.C. 556 (1975), affd. 533 F.2d 768, 773 (2d Cir. 1976); *Sandor v. Commissioner,* 62 T.C. 469 (1974), affd. 536 F.2d 874 (9th Cir. 1976). See also *Ferrill v. Commissioner,* 684 F.2d 261 (3d Cir. 1982), affg. a Memorandum Opinion of this Court; *Anderson v. Commissioner,* 568 F.2d 386 (5th Cir. 1978), affg. a Memorandum Opinion of this Court.

We reject respondent's argument, however, because we do not believe the quoted language of section 1.483-2(a)(1)(i), Income Tax Regs., applies when respondent is attempting

to use section 446(b) to override the pro rata allocation method of section 483. First, the quoted language of the regulation is qualified by the word "generally," which suggests the regulation does not apply to all situations.

Second, section 1.483-2(a)(1)(ii), Income Tax Regs., states:

> Any amount treated as interest under section 483 by the seller shall be included as interest income for the taxable year in which the payment is received in the case of a cash method taxpayer and for the taxable year in which the payment is due in the case of an accrual method taxpayer. Any amount treated as interest under section 483 by the purchaser shall (*if otherwise allowable*) be deducted as interest for the taxable year in which the payment is made in the case of a cash method taxpayer and for the taxable year in which the payment is due in the case of an accrual method taxpayer. * * * [Emphasis added.]

The emphasized language indicates that section 483 is subject to sections (such as 163(d) and 265(a)(2)) that may limit the deduction of unstated interest. Nothing in the regulation indicates, however, that section 483 is subject to sections that may expand the inclusion of unstated interest. Section 446(b) is such a section because its language applies equally to deductions and inclusions. Respondent apparently would agree, as he has applied section 446(b) to inclusions in income. See Notice 89-21, 1989-1 C.B. 651. Accordingly, we conclude that section 483 is not subject to section 446(b).

Third, respondent's interpretation of section 1.483-2(a)(1)(i), Income Tax Regs., could cause the economic accrual method to apply in instances in which the pro rata allocation scheme of section 483 should be respected. For example, section 1.483-1(a)(2), *Ex. 1*, Income Tax Regs., illustrates the application of section 483 to a contract with periodical uniform payments. The seller in the example is required by section 483 to include an equal amount of interest in each year's taxable income. Respondent argues that this interest should be treated as if it were provided for in the contract. However, a contract with periodical uniform payments that allocated an equal amount of interest to each year would delay the inclusion of interest relative to the economic accrual method. Respondent might require the seller under such a contract to use the economic accrual method when calculating his taxes. Respondent

imposed such a requirement upon an accrual seller in Rev. Rul. 77-135, 1977-1 C.B. 133, where the graduated nature of mortgage payments caused interest payments to be delayed relative to the economic accrual method. If respondent could require a seller such as that in section 1.483-1(a)(2), *Ex. 1*, Income Tax Regs., to use the economic accrual method, not much would be left of section 483. We do not believe Congress could have intended such a result.

We conclude that for purposes of section 446(b) the pro rata allocation of interest created by section 483 shall not be treated as if it appeared in the contract. Respondent still argues, however, that section 446(b) allows him to override the pro rata allocation required by section 483. We disagree for several reasons.

First, we note that respondent does not have the power under section 446(b) to "reject, as not providing a clear reflection of income, a method of accounting employed by the taxpayer which is specifically authorized in the Code or regulations and has been applied on a consistent basis." *Hallmark Cards, Inc. v. Commissioner,* 90 T.C. 26, 31 (1988). The method of accounting in section 483 is not only specifically authorized but is specifically required by the Code. It is well established that a specific statutory provision will override a general provision. *Bulova Watch Co. v. United States,* 365 U.S. 753 (1961). Accordingly, respondent may not use the general provisions of section 446(b) to override the specific provisions of section 483. Otherwise, respondent could attempt to use section 446(b) to override any statutory provision that he believes does not clearly reflect income.

Second, respondent's argument, if correct, would have placed petitioners in an untenable situation. Petitioners would have had to choose between following the explicit language of section 483 or following the economic accrual method in circumstances where its use had never been publicly suggested by anyone, including respondent.[1] This contrasts with our disallowance of the use of the Rule of

---

[1] In *Weis v. Commissioner,* 94 T.C. 473 (1990), respondent took the position that the taxpayer must allocate his interest according to the pro rata scheme of section 483 rather than according to the economic accrual method. Respondent asserted that his position in *Weis* was consistent with his position in the instant case since in both cases he merely required taxpayers to properly reflect income.

78's in *Prabel v. Commissioner*, 91 T.C. at 1122-1127, where the borrower voluntarily chose to use the Rule of 78's which had been widely criticized by a long line of authorities, including Revenue Ruling 83-84, 1983-1 C.B. 97.

Third, we question the manner in which respondent attempts to limit the scope of his argument. He states that section 446(b) will override the pro rata allocation formula of section 483 only when the repayment schedule of a loan is outside the "scope of reasonable business practice." Respondent does not cite any authority for this standard nor does he explain how the scope of reasonable business practice would be determined.

Fourth, respondent argues that petitioners are allowed their interest deduction by section 163(a) rather than by section 483, and that interest deductions under section 163(a) are limited by section 446(b). Respondent accordingly claims that section 446(b) will limit petitioners' deduction of interest to the amount that economically accrued, even though a greater amount may have been characterized as interest by section 483. This argument gives no more weight to an allocation of interest created by section 483 than to one provided for in a contract. Accordingly, it is similar to respondent's argument regarding section 1.483-2(a)(1)(ii), Income Tax Regs., which was considered above, and for that reason we reject it.

Respondent also argues that petitioners' interest deduction is limited by section 461(g). That section states:

SEC. 461(g). PREPAID INTEREST.—

(1) IN GENERAL.—If the taxable income of the taxpayer is computed under the cash receipts and disbursements method of accounting, interest paid by the taxpayer which, under regulations prescribed by the Secretary, is properly allocable to any period—

(A) with respect to which the interest represents a charge for the use or forbearance of money, and

(B) which is after the close of the taxable year in which paid,

shall be charged to capital account and shall be treated as paid in the period to which so allocable.

Respondent argues that the requirement that interest "be treated as paid in the period to which so allocable" means cash basis petitioners must use the economic accrual method when deducting the interest paid on the condomin-

ium purchase. He cites authorities which state that the effect of section 461(g) is to require a deduction in the year in which interest represents a charge for the use or forbearance of money. See *Huntsman v. Commissioner*, 91 T.C. 917, 918 (1988), on appeal (8th Cir., April 18, 1989); S. Rept. 94-938, (1976), 1976-3 C.B. 49, 141. It may be granted that section 461(g) places cash method taxpayers upon the economic accrual method. However, section 461(g) does so only because accrual taxpayers generally are subject to the economic accrual method. Section 461(g) will not place cash taxpayers on the economic accrual method if accrual taxpayers are not on that method. In the instant case, accrual taxpayers are not on the economic accrual method, but instead are subject to the pro rata allocation of interest under section 483. "Any amount treated as interest under section 483 by the purchaser shall (if otherwise allowable) be deducted as interest for the taxable year * * * in which the payment is due in the case of an accrual method taxpayer." Sec. 1.483-2(a)(1)(ii), Income Tax Regs. The time when an interest deduction is "due" is determined by section 483, not by economic accrual principles. Accordingly, section 461(g) does not place petitioners on the economic accrual method.

We conclude that neither section 446(b) nor section 461(g) limits petitioners' interest deduction to the amount of interest that economically accrued. "Granting the government's proposition that these taxpayers have found a hole in the dike, we believe it one that calls for the application of the Congressional thumb, not the court's." *Hanover Bank v. Commissioner*, 369 U.S. 672, 688 n. 23 (1962) (quoting *Fabreeka Productions Co. v. Commissioner*, 294 F.2d 876, 879 (1st Cir. 1961)). We note that Congress has applied its thumb for years after 1984 by amending section 483 to require taxpayers to allocate their unstated interest according to the economic accrual method. Section 483(a), as amended by the Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 41(b), 98 Stat. 553-555.

We grant petitioners' motion and deny respondent's motion for partial summary judgment on the section 483 issue. We do not address respondent's contentions that some or all of petitioners' interest is subject to section 189

and that the transaction lacked economic substance. Those issues are subject to factual dispute, and we do not consider them to be the subject of the cross-motions for partial summary judgment.

*An appropriate order will be issued.*