**Herman M. BRAUDE and Marcey S. Braude, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 86–1016.

United States Court of Appeals, Fourth Circuit.

Argued June 4, 1986.

Decided July 16, 1986.

George J. Mendelson, Rockville, Md., for appellants.

Kathryn E. Rooklidge, Tax Div., U.S. Dept. of Justice (Roger M. Olsen, Asst. Atty. Gen., Michael L. Paup, Ann Belanger Durney, Washington, D.C., on brief), for appellee.

Before PHILLIPS and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

PER CURIAM:

This case presents the issue of whether the Tax Court had jurisdiction to consider a deficiency not included in the Notice of Deficiency sent to the petitioners by the Internal Revenue Service but raised by the Service's request to amend its answer more than three years after the statute of limitations began to run. The Tax Court permitted the amendments and considered the additional deficiency. We affirm.

I

Petitioners Herman M. and Marcey S. Braude filed their 1980 joint federal income

tax return in a timely fashion. The Internal Revenue Service issued a Notice of Deficiency on July 27, 1983, within the statute of limitations, for $10,209.92 as well as a five percent penalty. The petitioners filed a timely petition for review with the Tax Court, and the Service filed a "general denial" answer. The Service's Appeals Office, following normal procedures, sought to settle the matter, and the parties agreed on an amount of $710 with no penalty.

The Appeals Office forwarded the case to the District Counsel's office for preparation of a decision document. However, District Counsel rejected the settlement, and on September 4, 1984, filed a motion with the Tax Court seeking to file an Amendment to Answer. In this amendment, the Service sought to formally raise and challenge, for the first time, a $60,000 deduction for mining expenses. Petitioners opposed the motion to amend; however, the Tax Court permitted this amendment, and later a second amendment, over the petitioners' objections.

Petitioners and the Service reached a settlement that included the issue of the mining expense deduction. On that basis, the Tax Court entered judgment against petitioners for $23,398. Petitioners reserved the right to appeal the Tax Court's ruling allowing the Service to amend its answer and raise the mining expense deduction, and they have now appealed.

## II

The only issues before this court are whether the Tax Court had jurisdiction to consider the mining expense deficiency and whether the Tax Court abused its discretion in allowing the amendment. Petitioners argue that, at the time of the motion to amend, the issue of the mining expense deduction was not before the Tax Court and the statute of limitations as to issues not before the Tax Court had run. The result, they argue, is that the Tax Court lacked jurisdiction to consider the mining expense deductions raised by the Amendment to Answer. We disagree.

There is no question that the Notice of Deficiency and the Petition for Review were timely and that the case was properly before the Tax Court. The Internal Revenue Code provides:

Except as provided by section 7463, the Tax Court shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any additional amount, or addition to the tax should be assessed, if claim therefor is asserted by the Secretary at or before the hearing or a rehearing.

26 U.S.C. § 6214(a) (1982). Petitioners argue that the "greater amount" language allows the Tax Court to determine that there is a larger deficiency only with respect to those issues already before the Tax Court, not as to issues not raised by the Notice of Deficiency. The statutory language does not support that construction. Further, petitioners offer no cases supporting their interpretation and concede that the Tax Court's decision represents the generally accepted construction.

▪ In *Ferrill v. Commissioner of Internal Revenue*, 684 F.2d 261 (3rd Cir. 1982), the court stated:

There can be little doubt that, at least from a procedural perspective, the Tax Court acted correctly in permitting the Commissioner to amend his original deficiency notice. Section 6214(a) of the Code, 26 U.S.C. § 6214(a) permits the Tax Court to redetermine "the correct amount of [a] deficiency ... if [a] claim therefor is asserted by the Secretary at or before the hearing or a rehearing." Section 6214(a) also allows the Commissioner to assess before the Tax Court an additional deficiency for the year under review even though such was not claimed in the original notice of deficiency.

*Id.* at 265. This language distinguishes between finding a larger deficiency based on the grounds originally asserted by the Service and finding a deficiency based on

new grounds, and it states that both are permitted by § 6214(a). The Commissioner's Motion to Amend raised the issue in a timely manner, and the Tax Court had jurisdiction to consider the issue.

Petitioners also argue that even if the Tax Court had jurisdiction to consider those additional issues, the Court abused its discretion by allowing the amendments. Rule 41(a) of the Tax Court Rules of Practice and Procedure provides that in those instances in which amendments to the pleadings may not be made as a matter of course, "a party may amend his pleading only by leave of court or by written consent of the adverse party; and *leave shall be given freely when justice so requires*" (emphasis added). Petitioners' argument that the amendments were made too close to trial and contained insufficient facts, thus hindering their efforts to adequately prepare, is without merit. The amendment stated two alternative theories for the deficiency: first, the claimed liability under the promissory note by which the taxpayers had paid the mining expenses was too contingent to constitute payment within the meaning of 26 U.S.C. § 616(a) (1982) and, second, the expenses were paid with the proceeds of the sale of an option that is includable in income. Further, at the time the initial amendment was permitted, the case had not yet been set for trial. The Tax Court did not abuse its discretion in permitting the amendment.

For the foregoing reasons, the order of the Tax Court permitting amendment of the Notice of Deficiency and thus asserting jurisdiction over the mining expense deduction issue is

AFFIRMED.