T.C. Memo. 1998-356

UNITED STATES TAX COURT


LANA FAYE GREEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19776-97.                    Filed October 5, 1998.


Lana Faye Green, pro se.

<u>Matthew J. Fritz</u>, for respondent.


MEMORANDUM OPINION


DINAN, <u>Special Trial Judge</u>:   This case was heard pursuant

to the provisions of section 7443A(b)(3) and Rules 180, 181, and

182.[1]

---

[1]    Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the taxable year in
issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes for 1993 and 1994 in the amounts of $765.33 and $8,499, respectively.

After concessions by the parties, the issue remaining for decision is whether petitioner is entitled to a section 179 expense deduction for 1994 in excess of the amount allowed by respondent.

Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioner resided in Trotwood, Ohio, on the date the petition was filed in this case.

Petitioner has worked as a self-employed attorney during and since the taxable years in issue. As of the end of 1994, she was also the majority shareholder of Master Plan Supplies, Inc. (Master Plan), which was incorporated under the laws of the State of Ohio on November 9, 1994. The parties have stipulated that Master Plan properly elected to be treated as an S corporation for its 1994 taxable year.

On a Schedule C attached to her 1994 return, petitioner claimed a "depreciation and section 179 expense deduction" in the amount of $14,624 as an expense of her law practice. On a Schedule E attached to her 1994 return, petitioner claimed a "section 179 expense deduction" in the amount of $9,000 in connection with her interest in Master Plan. In support of the claimed deductions, petitioner attached to her return two Forms

4562, a self-prepared "Depreciation/Amortization Report", and a self-prepared "Section 179 Expense Report".

On the first Form 4562, petitioner claimed depreciation deductions as follows:

```
MACRS depreciation for assets placed in
  service only during your 1994 tax year     $1,216
Other depreciation                            1,866
Listed property                               1,792
       Total                                  $4,874
```

The self-prepared Depreciation/Amortization Report describes all of the individual items of depreciated property.  These items include a copier, filing cabinet, camera, desk, typewriter, Dictaphone, Ford Mustang, and several computers.  The total of the "1994 Depreciation/Amortization" for the items described on the report is $4,874.

On the second Form 4562, petitioner claimed a section 179 expense deduction in the total amount of $15,750.  The self-prepared Section 179 Expense Report reveals that the total amount claimed includes the following:

| Activity | Description of Property | Business Use Cost/Basis | Elected Section 179 Expense |
|---|---|---|---|
| Sch. C R.N./Attorney | Computers | $1,842 | $1,000 |
| Sch. C R.N./Attorney | Computer | 4,014 | 2,000 |
| Sch. C R.N./Attorney | Copier | 5,384 | 3,000 |
| Sch. C R.N./Attorney | Camera | 572 | 500 |
| Sch. C R.N./Attorney | Desk | 450 | 250 |
| From K-1's | | | 9,000 |
| Totals | | $12,262 | $15,750 |

The total amount of the depreciation and section 179 expense deductions listed on the Forms 4562 and the self-prepared reports

is $20,624.  This amount is $3,000 less than the $23,624 of depreciation and section 179 expense deductions claimed by petitioner on the Schedule C and the Schedule E.

In the statutory notice of deficiency dated September 16, 1997, respondent disallowed $3,000 of the $14,624 depreciation and section 179 expense deduction claimed on the Schedule C.  The $11,624 amount which was allowed by respondent includes all of the amounts listed on the self-prepared reports, with the exception of the $9,000 section 179 expense deduction listed on the Section 179 Expense Report as "From K-1's".  Respondent also disallowed in the statutory notice of deficiency the entire Schedule E loss claimed by petitioner, including the $9,000 section 179 expense deduction.  The property for which the $9,000 was claimed is not listed anywhere on petitioner's return or the attachments to her return.  The only Schedule K-1 attached to her return lists her share of Master Plan's section 179 expense deduction as zero.

The parties submitted a copy of Master Plan's Federal income tax return (the Form 1120S) for its taxable year ended December 31, 1994.  Although the Form 1120S and its attachments contain a great number of erroneous entries and inconsistencies, it appears that Master Plan elected on a Form 4562 attached to the Form

1120S to treat $10,000 of the claimed $13,265 depreciable cost of a 1995 Plymouth Neon (the Neon) as a section 179 expense.[2]

The Neon was purchased by petitioner in her own name in September 1994 from Salem Chrysler-Plymouth, Inc. in Dayton, Ohio. A State of Ohio memorandum certificate of title issued September 30, 1994, lists petitioner as the owner of the Neon. Petitioner did not transfer ownership of the Neon to Master Plan prior to the end of 1994.

On September 29, 1997, nearly 2 weeks after the statutory notice of deficiency was issued, respondent received an amended return from petitioner for her 1994 taxable year. On the amended return, she again claimed a Schedule C depreciation and section 179 expense deduction in the total amount of $14,624. However, she attached to the amended return a single Form 4562 on which she claimed depreciation and section 179 expense deductions in the total amount of $16,304. She did not claim a section 179 expense deduction on the Schedule E attached to her amended return. On self-prepared reports, similar to the reports attached to her original return, petitioner claimed depreciation deductions in the total amount of $4,091 and section 179 expense deductions in the total amount of $12,213.

---

[2] The total cost of the Neon was listed as $15,606. The claimed depreciable cost in the amount of $13,265 took into account only 85 percent of the total listed cost, since that is the percentage for which the Neon was claimed to have been used in Master Plan's business.

The self-prepared Section 179 Expense Report attached to her amended return reveals that the total amount claimed as a section 179 expense deduction includes the following:

| Activity | Description of Property | Business Use Cost/Basis | Elected Section 179 Expense |
|---|---|---|---|
| Sch. C R.N./Attorney | Computers | $1,842 | $1,842 |
| Sch. C R.N./Attorney | Computer | 4,014 | 4,000 |
| Sch. C R.N./Attorney | Copier | 5,384 | 5,000 |
| Sch. C R.N./Attorney | Filing cabinet | 621 | 621 |
| Sch. C R.N./Attorney | Camera | 572 | 500 |
| Sch. C R.N./Attorney | Desk | 450 | 250 |
| From K-1's | | | |
| Totals | | $12,883 | $12,213 |

Petitioner made no claim on the amended return for a section 179 expense deduction with respect to the Neon, either as a Schedule C expense of her law practice or as a Schedule E pass-through item of Master Plan. In her pretrial memorandum, petitioner listed as one of the issues to be decided in this case: "Whether the petitioner is entitled to claim depreciation and Section 179 election for various items including a 1995 Neon automobile and what is the correct amount of the deduction." She failed, however, to further address the issue in the pretrial memorandum. At trial, petitioner alleged that she filed a second amended return on which she claimed the Neon as a section 179 expense deduction. A copy of this second amended return was not produced at trial. Petitioner did not testify or otherwise introduce evidence of the extent, if any, that the Neon was used in Master Plan's business or her law practice. In her posttrial memorandum, petitioner argues that she is entitled to section 179 expense deductions for 1994 for her costs of purchasing the following items:

| Computer | $1,842 | Camera | $953 |
| Computer | 4,014 | Desk | 450 |
| Copier | 5,384 | Typewriter | 199 |
| Filing Cabinet | 621 | Neon | 13,679 |

Petitioner contends that she is entitled to section 179 expense deductions for these items because she timely filed her original election under section 179.  She argues that she is allowed to amend her original election and claim the maximum deduction for 1994 in the amount of $17,500.  Respondent has not consented to petitioner's revocation or change of the items or costs claimed with her original election.

Section 179(a) generally allows a taxpayer to elect to treat the cost of section 179 property as a current expense in the year the property is placed in service, within certain dollar limitations.  See sec. 179(b).  The section 179 election must specify the items of section 179 property to which the election applies and the portion of the cost of each of such items which is to be taken into account under section 179(a).  Sec. 179(c)(1)(A); sec. 1.179-5(a)(1) and (2), Income Tax Regs.  The election must be made on the taxpayer's first income tax return for the taxable year or a timely filed amended return.  Sec. 179(c)(1)(B); sec. 1.179-5(a), Income Tax Regs.  An election made on an amended return is valid only if such amended return is "filed within the time prescribed by law (including extensions) for filing the return for [the] taxable year".  Sec. 1.179-5(a), Income Tax Regs.

We find that the only valid section 179 election which petitioner made with respect to her 1994 taxable year was the one made on her original return.  The election made on her first amended return and the other inconsistent claims made subsequent to the issuance of the statutory notice of deficiency in this case are not valid because they were made after the due date of her 1994 return.  Moreover, petitioner's original election is irrevocable and binding in the absence of respondent's consent to its revocation.  Id.  The specific items of section 179 property and the respective costs thereof that petitioner selected to deduct under section 179 may not be changed unless consent to change them is given by respondent.  Id.  Since petitioner failed to obtain respondent's consent to revoke or change her original election, we accordingly disregard her subsequent claims for section 179 expense deductions for items and costs different from those listed on the Section 179 Expense Report attached to her original return.  King v. Commissioner, T.C. Memo. 1990-548.

Of the items and costs listed on the original Section 179 Expense Report, respondent disallowed only the claim for $9,000 made with respect to the Neon on the Schedule E.[3]  Petitioner originally claimed that the Neon was used in the course of Master Plan's business and that she was entitled to a passthrough

---

[3]    As explained supra p. 4, respondent also disallowed the $3,000 claimed on the Schedule C which was not included on the Forms 4562 and the self-prepared reports attached to the original return.

deduction with respect to her claimed share of the section 179 expense deduction claimed by Master Plan. We reject this claim for several reasons. First, the Neon does not constitute section 179 property with respect to Master Plan because it did not acquire the Neon by purchase. Sec. 179(d)(1) and (2). The record clearly shows that petitioner purchased the Neon with her personal funds in her own name. There is no evidence or claim that the Neon was later conveyed to or purchased by Master Plan by the end of 1994. Second, we are not convinced that the Neon was used in Master Plan's business. Sec. 179(d)(1). Petitioner did not introduce any documentary or testimonial evidence at trial which proves that the Neon was so used. Third, even if we were to assume that the Neon qualifies as section 179 property with respect to Master Plan's business, Master Plan is not entitled to a section 179 expense deduction for 1994 because it did not have any taxable income in 1994. Sec. 179(b)(3). It follows that there is no section 179 expense deduction which may be passed through to petitioner as a shareholder on her Schedule K-1 and her Schedule E for 1994. Sec. 1.179-2(c)(2)(i), (3)(i), Income Tax Regs.

Nonetheless, petitioner maintains that she is entitled to a section 179 expense deduction for the cost of the Neon. We gather from the record that petitioner is now claiming that the Neon was purchased for and used in a business other than Master Plan's. However, she has not proved or even explicitly argued

that the Neon was used in her law practice or any other specific business which she actively conducted during 1994.  Based on the record, we conclude that the Neon does not constitute section 179 property with respect to petitioner.  We hold that petitioner is not entitled to a section 179 expense deduction for 1994 in excess of the amount allowed by respondent.

To reflect the foregoing,

Decision will be entered
under Rule 155.