112 T.C. No. 11


UNITED STATES TAX COURT


DENNIS L. HAYDEN AND SHARON E. HAYDEN, Petitioners v.
COMMISSIONER OF  INTERNAL REVENUE, Respondent


Docket No. 590-98.                    Filed March 19, 1999.


     Ps are the sole partners in L.  During 1994, L expended
$26,650 on sec. 179 property and elected to expense $17,500
of that amount.  Without regard to this deduction, L had no
taxable income for the 1994 taxable year.  The deduction
under sec. 179 flowed through to Ps' 1994 return.  Sec.
1.179-2(c)(2), Income Tax Regs., provides that a
"partnership may not allocate to its partners as a sec. 179
expense deduction for any taxable year more than the
partnership's taxable income limitation for that taxable
year".  Ps contend that the regulation is invalid.  Held:
Sec. 1.179-2(c)(2), Income Tax Regs., is valid and
respondent's disallowance of the deduction is sustained.

Dennis L. Hayden and Sharon E. Hayden, pro se.

Brian M. Harrington, for respondent.


                         OPINION

     DAWSON, Judge:  This case was assigned to Special Trial

Judge Carleton D. Powell pursuant to section 7443A(b)(3) and

Rules 180, 181, and 182.[1]  The Court agrees with and adopts the opinion of the Special Trial Judge that is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

POWELL, Special Trial Judge:  Respondent determined a deficiency in petitioners' 1994 Federal income tax and an accuracy-related penalty under section 6662(a) in the respective amounts of $3,784 and $292.60.

The issues are whether petitioners are entitled to a deduction in the amount of $17,500 under section 179 and whether petitioners are liable for the accuracy-related penalty under section 6662(a).  At the time the petition was filed in this case, petitioners resided in Frankfort, Indiana.

The facts may be summarized as follows.  Petitioners are the sole partners in a partnership known as Leddos Frozen Yogurt, LLC (Leddos) that commenced operations on September 1, 1994.  During 1994, Leddos purchased equipment for $26,650.  On the partnership return (Form 1065), Leddos reported the following:

|  |  |
|---|---|
| Gross Receipts | $20,105 |
| Cost of Goods Sold | 22,529 |
| Total Income (loss) | (2,424) |

The partnership reported total deductions in the amount of $13,294, and showed a loss in the amount of $15,718.  These figures did not include any deduction for the expense of section 179 property.  On Form 4652 (Depreciation and Amortization),

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

attached to the partnership return, Leddos elected under section 179 to expense $17,500 of the $26,650 invested in equipment. This deduction flowed through to petitioners' 1994 Federal income tax return on Schedule E.[2]

Petitioner Dennis L. Hayden (petitioner) is a certified public accountant whose practice includes a substantial amount of tax work. Petitioner operated and practiced an accounting business as a sole proprietorship. The proprietorship has employees and maintains an account for "payroll" taxes that includes employment taxes paid to the Federal Government. During the 1994 taxable year, petitioner paid petitioners' 1993 Federal income tax liability in the amount of $9,284 from the bank account of the proprietorship, and that amount was charged to the sole proprietorship's account for "payroll" taxes. On the proprietorship's Schedule C attached to petitioners' joint 1994 Federal income tax return, petitioner deducted $17,630 as "payroll" taxes, which amount included petitioners' 1993 Federal income tax liability of $9,284. The correct amount of the "payroll" taxes paid by the accounting practice for 1994 was $8,346.

Upon examination, respondent disallowed the $17,500 section 179 deduction and the portion of the deduction claimed on Schedule C that was expended for Federal income taxes. Respondent further determined an accuracy-related penalty was due

---

[2] Leddos qualifies as a so-called small partnership under sec. 6231(a)(1)(B), and the partnership provisions of secs. 6221 through 6233 do not apply.

on the underpayment resulting from disallowance of the portion of the Schedule C deduction expended for Federal income taxes.

1.  Section 179

Section 179(a) provides:

A taxpayer may elect to treat the cost of any section 179 property as an expense which is not chargeable to capital account.  Any cost so treated shall be allowed as a deduction for the taxable year in which the section 179 property is placed in service.

Under section 179(b)(1), the deduction is limited, inter alia, to $17,500 and "shall not exceed the aggregate amount of taxable income of the taxpayer for such taxable year which is derived from the active conduct by the taxpayer of any trade or business during such taxable year."  Sec. 179(b)(3)(A).  For purposes of section 179(b)(3)(A), taxable income is computed without regard to the section 179 deduction.  See sec. 179(b)(3)(C).  Section 179(d)(8) further provides:  "In the case of a partnership, the limitations of subsection (b) shall apply with respect to the partnership and with respect to each partner."  The regulations amplify:

The taxable income limitation * * * applies to the partnership as well as to each partner.  Thus, the partnership may not allocate to its partners as a section 179 expense deduction for any taxable year more than the partnership's taxable income limitation for that taxable year, and a partner may not deduct as a section 179 expense deduction for any taxable year more than the partner's taxable income limitation for that taxable year.  [Sec. 1.179-2(c)(2), Income Tax Regs.]

Petitioners acknowledge that under section 1.179-2(c)(2), Income Tax Regs., the section 179 deduction claimed here is not allowable.  They argue, however, that the regulation is invalid.

A Treasury regulation must be sustained if it "[implements] the congressional mandate in some reasonable manner." United States v. Vogel Fertilizer Co., 455 U.S. 16, 24 (1982) (quoting United States v. Correll, 389 U.S. 299, 307 (1967)). The "issue is not how the Court itself might construe the statute [to which the regulation relates] in the first instance, 'but whether there is any reasonable basis for the resolution embodied in the Commissioner's Regulation.'" Schaefer v. Commissioner, 105 T.C. 227, 230 (1995) (quoting Fulman v. United States, 434 U.S. 528, 536 (1978)). Normally, "Treasury regulations must be sustained unless unreasonable and plainly inconsistent with the revenue statutes". Commissioner v. South Texas Lumber Co., 333 U.S. 496, 501 (1948).

The Code section primarily involved here is section 179(b)(3)(A) and (d)(8), which is directed to the limitations in the case of partnerships. For purposes here, these limitations have two sources.

The genesis of section 179 is section 204(a), The Small Business Tax Revision Act of 1958, Pub. L. 85-866, 72 Stat. 1606, 1676, that provided a deduction for an additional first-year depreciation. There was a $10,000 ($20,000 for joint returns) limitation on the cost of the property subject to the additional depreciation. That statute did not provide any limitation on partners. Section 179(d)(8), relating to partnership limitations, first appeared in the Tax Reform Act of 1976, Pub. L. 94-455, sec. 213(a), 90 Stat. 1525, 1547. The legislative

history provides that "with respect to a partnership, the cost of the property on which additional first-year depreciation is calculated for the partnership as a whole is not to exceed $10,000." S. Rept. 94-938, at 92 (1976), 1976-3 C.B. (Vol. 3) 49, 130. Section 179 was amended again by the Economic Recovery Tax Act of 1981, Pub. L. 97-34, sec. 202(a), 95 Stat. 172, to provide for an election to expense the cost of property rather than taking additional depreciation), and that provision did not amend section 179(d)(8). The committee report states:

> Similarly, the same type of dollar limitations will apply in the case of partnerships as currently apply under section 179(d)(8). Under the committee bill, as under section 179, both the partnership and each partner are subject to the annual dollar limitation. [S. Rept. 97-144, at 61 (1981), 1981-2 C.B. 412, 431.]

The taxable income limitation contained in current section 179(b)(3)(A) was added by the Tax Reform Act of 1986, Pub. L. 99-514, sec. 202(a), 100 Stat. 2085, 2143. While the Senate version of the taxable income limitation of section 202(a) was limited to taxable income of the business in which property was used, see S. Rept. 99-313, at 106 (1986), 1986-3 C.B. (Vol. 3) v, 106), section 179(b)(3), as enacted, applied to taxable income from any trade or business of the taxpayer. See H. Conf. Rept. 99-841, at II-49 (1986), 1986-3 C.B. (Vol. 4) 1, 49; see also Staff of Joint Comm. on Taxation, General Explanation of the Tax Reform Act of 1986 (Jt. Comm. Print 1987), at 109. Concurrently, section 179(d)(8), pertaining to partnerships, was amended to read as it does now by the Tax Reform Act of 1986, Pub. L. 99-514, sec. 201(d)(3), 100 Stat. 2085, 2139.

Petitioners contend that, since for purposes of the section 179(b)(3)(A) limitation they may aggregate taxable incomes from their different trades or businesses, they should be able to aggregate their taxable income with the income of the partnership under section 179(d)(8) to determine the partnership's taxable income. In this regard, petitioners argue that section 179(b)(3)(A) applies only to the taxable income "of the taxpayer" derived from the trade or business "by the taxpayer". Petitioners contend that under section 701 a partnership is not a taxpayer; therefore, that section cannot apply to a partnership. The taxable income limitation in section 179(b)(3)(A) is, therefore, meaningless when applied to a partnership, and section 1.179-2(c)(2), Income Tax Regs., is accordingly invalid.

The gravamen of petitioners' argument is that a partnership is not a taxpayer under the definition contained in section 7701(a)(14). It should be noted initially that this is literally incorrect. A taxpayer is defined as "any person subject to any internal revenue tax." Sec. 7701(a)(14). In turn, a person "shall be construed to mean and include * * * [inter alia] a * * * partnership". Sec. 7701(a)(1). Under section 701 a partnership generally is not "subject to the income tax", rather the partners are "liable for income tax only in their separate or individual capacities." But, a partnership may be subject to a variety of internal revenue taxes, including, e.g., employment taxes under section 3111(a) (United States v. Hays, 877 F.2d 843

(10th Cir. 1989)) or other excise taxes (<u>Young v. Riddell</u>, 283 F.2d 909 (9th Cir. 1960)).

Equally important, the terms such as "taxpayer" and "partnership" have certain elastic applications within the Internal Revenue Code. While a partnership generally is not subject to income taxes, concepts such as taxable income are fully applicable. Section 703(a) provides that with exceptions "The taxable income of a partnership shall be computed in the same manner as in the case of an individual". In <u>United States v. Basye</u>, 410 U.S. 441, 448 (1973), the Supreme Court noted for the purpose of computing taxable income that "the partnership is regarded as an independently recognizable entity apart from the aggregate of its partners."

There are many examples of the term "partnership" being used in place of the word "taxpayer" or other similar designations. Section 446(a) provides: "Taxable income shall be computed under the method of accounting on the basis of which the <u>taxpayer</u> regularly computes his income in keeping his books." (Emphasis added.) For purposes of section 446, however, the "taxpayer" is the partnership. See <u>Resnik v. Commissioner</u>, 66 T.C. 74, 80 (1976), affd. per curiam 555 F.2d 634 (7th Cir. 1977). Section 1033(a)(2)(A) provides that "at the election of the <u>taxpayer</u>" a gain may not be recognized. (Emphasis added.) For section 1033 purposes, when a partnership is involved, the taxpayer is the partnership. See <u>Demirjian v. Commissioner</u>, 457 F.2d 1, 5 (3d Cir. 1972), affg. 54 T.C. 1691 (1970). Section 183(a) (regarding

not for profit activities) speaks in terms of "an individual or an S corporation", but, when a partnership is involved, the so-called for profit analysis focuses on the partnership and not the individual.  See <u>Fox v. Commissioner</u>, 80 T.C. 972, 1006 (1983), affd. without published opinion 742 F.2d 1441 (2d Cir. 1984), affd. sub nom. <u>Barnard v. Commissioner</u>, 731 F.2d 230 (4th Cir. 1984).  In this regard, it should be noted that the election in section 179(a) is phrased in terms of a "taxpayer may elect".  Surely petitioners would not contend that an election may not be made for property in a business conducted by a partnership.  For purposes of section 179(b)(3)(A), a partnership is a taxpayer.

It becomes apparent then that petitioners' dissatisfaction is not with the regulation per se, but rather with the incorporation of the section 179(b)(3)(A) limitation in section 179(d)(8).  Thus, if we were to hold for petitioners, we would have to read the section 179(b)(3)(A) limitation out of section 179(d)(8).  This we cannot do.  Section 179(d)(8) specifically states:  "In the case of a partnership, the limitations of subsection (b)" apply to the partnership and the partners.  It does not say that only subsection (b)(1) and (2) shall apply. See <u>Green v. Commissioner</u>, T.C. Memo. 1998-356 (applying section 179(b)(3)(A) to an "S" corporation).

At trial petitioners also seemed to argue that the term "taxable income" as used in section 179(b)(3)(A) should be interpreted to mean gross receipts of the trade or business carried on as a partnership.  This argument has no basis in law.

"'[T]axable income' means gross income minus the deductions allowed".  Sec. 63(a).  Gross income is derived from gross receipts less cost of goods sold.  See <u>Beatty v. Commissioner</u>, 106 T.C. 268, 273 (1996); sec. 1.61-3(a), Income Tax Regs. Furthermore, as pointed out above, the determination of the taxable income of a partnership is essentially the same as with an individual.  Sec. 703(a).  There is no indication that in enacting the taxable income limitation in section 179(b)(3)(A) Congress did not understand and intend these terms to have their settled meaning.

In short, section 1.179-2(c)(2), Income Tax Regs., flows directly from the requirements of section 179(b)(3)(A) and (d)(8), is consistent with the statutes and their legislative histories, and is valid.  Therefore, respondent's determination on this issue is sustained.

## 2.  <u>Section 6662-Penalty</u>

Section 6662(a) imposes a penalty with respect "to any portion of an underpayment of tax required to be shown on a return" which is attributable to negligence or disregard of rules or regulations.  Sec. 6662(b)(1).  The penalty is in an amount "equal to 20 percent of the portion of the underpayment to which this section applies."  Sec. 6662(a).

Petitioners claimed on Schedule C a deduction in the amount of $17,630 as "payroll taxes".  Of that amount, $9,284 was payment made for petitioners' 1993 Federal income tax liability. Section 275(a)(1) provides:  "No deduction shall be allowed for *

* * Federal income taxes".  Petitioners do not dispute that the deduction of $9,284 is not allowable.  The deduction is clearly prohibited by statute, and petitioner was aware that Federal income taxes cannot be deducted.

"Negligence is a lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances."  Freytag v. Commissioner, 89 T.C. 849, 887 (1987) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. on this issue 43 T.C. 168 (1964) and T.C. Memo. 1964-299, cert. denied 389 U.S. 1004 (1968)), affd. 904 F.2d 1011 (5th Cir. 1990), affd. on other grounds 501 U.S. 868 (1991).  The question then is whether petitioner has established that his conduct meets the reasonable or prudent person standard.  See Rule 142(a); see also Freytag v. Commissioner, 89 T.C. at 887.

Petitioner argues that the deduction was the result of a reasonable mistake caused by an employee who erroneously posted the amount of the check(s) to pay Federal income taxes to the "payroll" account.  We may agree that the posting mistake of the employee was understandable, but we have difficulty with petitioner's explanation.  Petitioner either prepared or directly supervised the preparation of the 1994 tax return.  He is an accountant, and a large part of his business related to tax matters.  The $9,284 in income taxes deducted as "payroll" taxes constitutes approximately 17 percent of the taxable income of the accounting practice.  Moreover, it represents 53 percent of the deduction claimed for "payroll" taxes.  These are not

insignificant figures, and we find it hard to believe that, when preparing or supervising the preparation of the return, petitioner would not have questioned the deduction of this size. This is particularly true because petitioner was aware that his Federal income taxes had been paid from the bank account used for the accounting practice, a practice which in and of itself is suspect. Either he closed his eyes to the facts, or he simply did not properly supervise the preparation of the return. Petitioner has not established that he was not negligent. Therefore, respondent's determination as to the accuracy-related penalty under section 6662(a) is sustained.

<u>Decision will be entered for respondent</u>.