**Dennis L. HAYDEN and Sharon E. Hayden, Petitioners– Appellants,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent– Appellee.**

No. 99–2520.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 3, 1999.

Decided Feb. 11, 2000.

Dennis L. Hayden, Frankfort, IN, pro se.

Sharon E. Hayden, Frankfort, IN, pro se.

David E. Carmack, Regina S. Moriarty (argued), Department of Justice, Tax Div., Appellate Section, Washington, DC, for respondent-appellee.

Before FLAUM, ROVNER, and EVANS, Circuit Judges.

FLAUM, Circuit Judge.

Dennis and Sharon Hayden petitioned the United States Tax Court seeking a redetermination of the federal income tax deficiency and penalty assessed against them for the 1994 tax year. The Tax Court upheld the determinations and resulting addition to tax, and the Haydens now appeal. For the reasons stated herein, we affirm.

## Background

During 1994, Dennis Hayden was self-employed as a certified public accountant and his wife, Sharon Hayden, was employed as a nurse. During that year, Dennis and Sharon Hayden were also the sole partners in a partnership known as Leddos Frozen Yogurt, LLC ("Leddos").

Section 162 of the Internal Revenue Code ("Code" or "I.R.C.") allows a deduction for the ordinary and necessary business expenses incurred in carrying on a trade or business. In contrast, section 263 of the Code allows no deduction for a capital expenditure. "The primary effect of characterizing a payment as either a business expense or a capital expenditure concerns the timing of the taxpayer's cost recovery: While business expenses are currently deductible, a capital expenditure usually is amortized and depreciated over the relevant life of the asset." *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 83–84, 112 S.Ct. 1039, 117 L.Ed.2d 226(1992). Under section 179 of the Code, however, a taxpayer may elect (subject to certain limitations) to treat the cost of any "section 179 property" as a current expense in the year such property is placed in service, rather than depreciating the cost of the property over a number of years.[1]

In 1994, Leddos purchased equipment for $26,650. On the partnership tax return for its 1994 tax year, Leddos reported $20,105 in gross receipts and $22,529 in costs of goods sold, yielding an income loss of $2,424. The partnership reported total deductions in the amount of $13,294, and showed a loss in the amount of $15,718. These figures did not include any deduction for the expense of section 179 property. On Form 4652 (Depreciation and Amortization), attached to the partnership return, Leddos elected under section 179 to expense $17,500 of the $26,650 invested in equipment. The Haydens reported this deduction as a flow through to their 1994 federal income tax return.

During the same period, Dennis Hayden operated an accounting business as a sole proprietorship (Hayden & Associates, CPAs). He has worked in public accounting for over 20 years, and a substantial portion of his accounting business has involved tax-related work.

During 1994, Dennis Hayden paid the Haydens' 1993 income tax liability of $9,284 from the bank account of Hayden & Associates, and that amount was charged to the accounting firm's account designated for "payroll" taxes. On the Haydens' joint 1994 income tax return, they then deducted $17,630 as "payroll" taxes for the accounting business. This amount included the Haydens' 1993 income tax liability of $9,284.

On November 26, 1997, the Commissioner of Internal Revenue ("Commissioner") issued a notice of deficiency to the Haydens determining a deficiency in income tax of $3,784, and an addition to tax of $292.60 for the 1994 tax year. The Commissioner disallowed the $17,500 claimed as a section 179 deduction and the $9,284 claimed as deductible "payroll" expenses which was expended for their 1993 personal federal income taxes. The Commissioner further determined that an accuracy-related penalty under section 6662 was due in the amount of $292.60 on the underpay-

---

**1.** Section 179(a) provides: "A taxpayer may elect to treat the cost of any section 179 property as an expense which is not chargeable to capital account. Any cost so treated shall be allowed as a deduction for the taxable year in which the section 179 property is placed in service."

ment resulting from disallowance of the $9,284. The Haydens filed a petition with the Tax Court contesting the deficiency and the penalty.

Before the Tax Court, the Haydens conceded that they were not entitled to claim the $9,284 amount as business expenses. The only issues remaining for trial were whether the Haydens were entitled to a section 179 deduction in the amount of $17,500 (passed through to them by virtue of their partnership interest in Leddos), and whether they were liable for the accuracy-related penalty under section 6662.

The Tax Court upheld the determinations of the Commissioner: a deficiency of $3,784 in income tax for 1994, and an accuracy-related penalty under section 6662(a) of $292.60. The Haydens now appeal.

## Discussion

### A.

As the basis for the deficiency, the Tax Court held that under I.R.C. § 179(b)(3)(A) and Treasury Regulation § 1.179–2(c)(2), the Commissioner correctly disallowed the deduction of $17,500 that the Haydens claimed on their 1994 tax return as a flow through deduction from Leddos because Leddos did not have any income for 1994. The court noted that section 179(b)(3)(A) provides that the deduction under section 179 "shall not exceed the aggregate amount of taxable income of the taxpayer for such taxable year which is derived from the active conduct by the taxpayer of any trade or business during such taxable year." The court further recognized that Treasury Regulation § 1.179–2(c)(2) specifically addressed the issue in this case by providing that "the partnership may not allocate to its partners as a section 179 expense deduction for any taxable year more than the partnership's taxable income limitation for that taxable year, and a partner may not deduct as a section 179 expense deduction for any tax-

able year more than the partner's taxable income limitation for that taxable year."

The Haydens acknowledge that under Treasury Regulation § 1.179–2(c)(2), the deduction they claimed under section 179 is not allowable. However, they argue that the regulation is invalid. They argue that section 179(b)(3)(A) applies only to the taxable income "of the taxpayer" derived from the trade or business "by the taxpayer." But under section 701 a partnership is not a taxpayer, so section 179(b)(3)(A) cannot apply to a partnership. Tax Regulation § 1.179–2(c)(2), which in essence applies section 179(b)(3)(A) to partnerships, is therefore an invalid interpretation of the statute's mandates.

■ We agree with the Tax Court that Treasury Regulation § 1.179–2(c)(2) is valid, and we reject the Haydens' challenge. Section 7805(a) of the Code vests in the Treasury Department the primary responsibility for the administration of the tax laws. In light of this directive, the Supreme Court has emphasized that courts must defer to a Treasury Regulation if the regulation is reasonable. *National Muffler Dealers Assoc. v. United States*, 440 U.S. 472, 488–89, 99 S.Ct. 1304, 59 L.Ed.2d 519 (1979); *Fulman v. United States*, 434 U.S. 528, 536, 98 S.Ct. 841, 55 L.Ed.2d 1 (1978); *see also Atlantic Mutual Ins. Co. v. Commissioner*, 523 U.S. 382, 118 S.Ct. 1413, 1418, 140 L.Ed.2d 542 (1998). In this case, the Tax Court correctly held that Regulation § 1.179–2(c)(2) is a reasonable interpretation of section 179, and it must therefore be sustained.

Regulation 1.179–2(c)(2) is consistent with the plain language of the statute. Section 179 of the Code permits a taxpayer to elect to treat the cost of certain tangible property as a current expense in the year such property is placed in service, rather than depreciating the cost of the property over a number of years. The deduction under section 179 is subject to several limitations, the relevant one here being that, under section 179(b)(3)(A), the deduction may not exceed the taxpayer's aggre-

gate amount of taxable income derived from the active conduct of all trades or businesses by the taxpayer. Section 179(d)(8) then provides that the limitations in subsection (b) shall apply to a partnership and to each partner. Consistent with the Code's language, Regulation § 1.179–2(c)(2) states that a partnership may not allocate a section 179 expense deduction to its partners to the extent it exceeds the partnership's taxable income. Rather, any excess amount may be carried forward to later taxable years. § 179(b)(3)(B).

The Haydens' argument that a partnership is not a "taxpayer" and that § 179(b)(3)(A) cannot therefore apply to partnerships is unpersuasive. Indeed, partnerships are not subject to income tax. *See* § 701. A partnership's income, gains, losses, deductions and credits are attributable to its partners and taken into account only for purposes of determining the partner's individual income tax liabilities. However, a partnership's income, gains, losses, deductions and credits are first computed at the partnership level before being "passed on" to its partners. That is, once these amounts are determined at the partnership level, a partnership is treated as a mere aggregate of its partners, or a conduit which serves to pass on to the partners their share of these partnership amounts. *United States v. Basye*, 410 U.S. 441, 448–49, 93 S.Ct. 1080, 35 L.Ed.2d 412 (1973). Although a partnership is not a taxable entity, section 703(a) refers to the "taxable income of a partnership" and prescribes rules for its computation; especially in light of section 179(d)(8)'s explicit application of section 179 limitations to partnerships, the Treasury Department's reading of "taxpayer" to encompass partnerships in the section 179 context is reasonable.

The Tax Court correctly held that Treasury Regulation 1.179–2(c)(2) is a reasonable and valid interpretation of the statute. Leddos' partnership return for 1994 reports a loss of $15,718. Because Leddos had no taxable income for 1994, it had no section 179 expense deduction to allocate to its partners, the Haydens. Accordingly, the Tax Court correctly denied the Haydens' $17,500–claimed section 179 expense deduction.

### B.

■ The Haydens next challenge the Tax Court's holding that they are liable for the negligence penalty under section 6662 of the Code. We review the Tax Court's finding that the Haydens were negligent under the clearly erroneous standard. *Little v. Commissioner*, 106 F.3d 1445, 1449 (9th Cir.1997); *Forseth v. Commissioner*, 845 F.2d 746, 749 (7th Cir.1988).

Section 6662 imposes a twenty percent penalty on the portion of an underpayment attributable to one or more accuracy-related deficiencies, including negligence or the disregard of rules or regulations. I.R.C. § 6662(a), (b)(1). "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Code or to exercise ordinary and reasonable care in the preparation of a tax return. I.R.C. § 6662(c); Treas. Reg. § 1.6662–3(b)(1). Negligence also includes any failure to keep adequate books and records or to substantiate items properly. Treas. Reg. § 1.6662–3(b)(1). "Disregard" includes any careless, reckless, or intentional disregard of rules or regulations. I.R.C. § 6662(c). The Commissioner's determinations of negligence or disregard of the tax laws are presumed to be correct, and the taxpayer has the burden of proving that the penalties are erroneous. *Welch v. Helvering*, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212 (1933); *Forseth*, 845 F.2d at 749.

■ The Tax Court was justified in concluding on this record that the Haydens should be liable for the section 6662 accuracy-related penalties. The Haydens were clearly not entitled to the claimed deduction of $9,284 for their 1993 federal income tax liability; Dennis Hayden, a certified public accountant, does not dispute this. The Haydens contend that the deduction

resulted from a reasonable mistake by an employee who erroneously posted the amount paid for federal income taxes to the "payroll" account. The Tax Court found this contention unpersuasive:

> The $9,284 in income taxes deducted as "payroll" taxes constitutes approximately 17 percent of the taxable income of the accounting practice. Moreover, it represents 53 percent of the deduction claimed for "payroll" taxes. These are not insignificant figures, and we find it hard to believe that, when preparing or supervising the preparation of the return, petitioner would not have questioned the deduction of this size. This is particularly true because petitioner was aware that his Federal income taxes had been paid from the bank account used for the accounting practice, a practice which in and of itself is suspect. Either he closed his eyes to the facts, or he simply did not properly supervise the preparation of the return.

*Hayden v. Commissioner*, 112 T.C. 115, 122, 1999 WL 148492 (1999). Considering these factual circumstances, we find no clear error in the Tax Court's finding that the tax return errors resulted from negligence. We therefore affirm the Tax Court's determination that the Hayden's are liable for the $292.60.[2]

### Conclusion

For the reasons stated herein, the decision of the Tax Court is AFFIRMED.

---

**2.** The Haydens assert that the Commissioner and Tax Court incorrectly calculated the penalty. They argue that no penalty is actually due because zero income tax was owed and paid on the return. This argument appears to be based on the erroneous assumption that the accuracy-related penalty only applies to normal income taxes, and not to self-employment taxes. Section 6662 imposes a penalty to "any portion of an underpayment of tax required to be shown on a return." *See also Margolis v. Commissioner*, 77 T.C.M. (CCH) 1297 (1999) (applying the penalty to self-employment taxes). The Commissioner and Tax Court correctly calculated the penalty based on the portion of the understatement of self-employment tax that resulted from the claimed "payroll"-tax deduction.